THE BOARD OF COMMISSIONERS OF MONROE COUNTY v. MAY.

BOUNTY.—*Adjutant General's Records.*—*Judicial Notice.*—*History.*—The courts of this State are bound to take notice, from its general history, that, during and since the war of the Rebellion, the Adjutant General of this State has made records of the muster rolls of the different regiments of volunteers, furnished by this State, in the military service of the United States.

SAME.—*Certified Copy is Competent Evidence.*—*Expiration of Term of Officer.*—A copy of the proper muster roll, duly certified by the Adjutant General, is competent evidence of the enlistment, mustering and discharge of a volunteer in any of such regiments, in an action by him to recover a bounty offered by a county which received credit for his enlistment. And the fact that the term of such officer has expired previous to the use of such copy as evidence does not render it incompetent.

From the Monroe Circuit Court.

*J. W. Buskirk* and *H. C. Duncan,* for appellant.

*J. H. Louden* and *R. W. Miers,* for appellee.

HOWK, C. J.—This was a suit by the appellee, against the appellant, for the recovery of a certain bounty of one hundred dollars, offered by the appellant, during the late Rebellion, to each volunteer from Monroe county, to fill its quota under a certain call for volunteers, made by the President of the United States.

The appellant's demurrer to the appellee's complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, was overruled by the court, and to this decision the appellant excepted. The appellant then answered in four paragraphs, of which the first was a general denial, and each of the other three paragraphs stated new or affirmative matters, by way of defence. To these affirmative paragraphs of answer, the appellee replied by a general denial. The issues joined were tried by the court, and a finding was made for the appellee, in the sum of one hundred and twenty-eight dollars. The appellant's motion for a new trial having been overruled, and its exception entered to this ruling, the court ren-

dered judgment upon, and in accordance with, its finding.

Errors have been assigned by the appellant, in this court, which call in question the sufficiency of the facts stated in the appellee's complaint to constitute a cause of action, and the decision of the court below in over-ruling the appellant's motion for a new trial of this cause. We will consider and decide the questions presented for our decision by these alleged errors, in the same order in which we have stated them.

1. Did the appellee's complaint state facts sufficient to constitute a cause of action, in his favor, and against the appellant? This is the first question in this case. We need not set out this complaint, or even the substance of it, in this opinion. It will suffice to say that the appellee, in his complaint, has counted upon the same orders of the appellant, and has alleged substantially the same facts, as those which have been set out at length and fully stated in the opinions of this court in the cases of *The Board, etc., of Monroe Co. v. Wood*, 39 Ind. 345, and of *Moore v. The Board, etc., of Monroe Co.*, 59 Ind. 516. In each of the cases cited, the question of the sufficiency of the facts stated in the complaint therein to constitute a cause of action was fairly and fully presented to this court for decision; and in each case, as will be seen by reference to the opinion of the court therein, it was decided that the complaint was good and sufficient on a demurrer thereto for the want of facts. We refer the reader of this opinion to the cases cited for a full statement of the facts upon which, with the necessary changes of names and dates, the appellee relied for a recovery in this action.

We can not see any good or sufficient reason for changing the opinions and decisions of this court in regard to the complaints, as expressed in the cases cited, or for holding now, contrary to those decisions, that the complaint in

the case at bar did not state facts sufficient to withstand the appellant's demurrer thereto. Upon the authority of the cases cited, and without any further examination or discussion of the question under consideration, we think we are fully justified in holding, as we do, that no error was committed by the court in this case, in overruling the appellant's demurrer to the appellee's complaint.

2. In its motion for a new trial of this case, the appellant assigned the following causes therefor:

1. Because the finding of the court was contrary to law;

2. Because the finding was not sustained by sufficient evidence; and,

3. Because of error of law, occurring at the trial of the cause, in the admission in evidence by the court, over the appellant's objections, of a certified copy of a part of the military records of this State, certified by W. W. Conner, Adjutant General of the State of Indiana.

The principal question presented for our decision by the alleged error of the court, in overruling the appellant's motion for a new trial, arises under the third cause assigned for such new trial, and may be thus stated: Did the court err in admitting in evidence, over the appellant's objections, the certified copy of a part of the military records of this State, mentioned in said third cause for a new trial?

It appears from the record that, on the trial of this cause, the appellee offered in evidence the copy of the military records of this State, which showed the enlistment, muster into and discharge from the military service of the United States, of the appellee, as a private soldier in Company D of the 50th regiment of Indiana Veteran Volunteers, which copy was certified to be full, true and complete, by the Adjutant General of this State, as the same appeared of record in his office. He further certified, that the military records, from which such copy was taken, were in his custody as such Adjutant General, and his official seal was annexed to his certificate.

The appellant objected to the admission of this certified copy in evidence, first, upon the ground that W. W. Connor was not the Adjutant General of this State at the time the certified copy was offered in evidence. There is nothing in this objection. The certificate was dated October 28th, 1876, and it is not claimed that he was not the Adjutant General of the State on that day. The mere fact that his term of office had expired before the copy, certified by him as such officer, was offered in evidence, would certainly not invalidate his official act, done while in office, nor render the evidence incompetent.

The appellant's second objection to the offered evidence is, that there was no authority of law requiring the Adjutant General to keep such a record. We do not think that this objection is well taken. The office of Adjutant General is an office provided for in the constitution of this State, in section 2 of article 12. It is, of course, a public office. The duties of the office have not been clearly defined, so far as we are advised, by any legislation; but it is a part of the history of the State, of which we must take notice, that, during and since the late Rebellion, the Adjutant General has made records of the muster-rolls of the different regiments of volunteers furnished by this State, in the military service of the United States. The large appropriations made by the General Assembly, from time to time, for records, stationery and clerk hire for the Adjutant General's office, show that these military records were recognized by the law-making power of this State as the public records of his office, and this fact is clearly shown by the proviso in section 7 of the fee and salary act of March 31st, 1879, to the effect "That no fee shall be charged or received by said Adjutant for any services in furnishing or giving any honorably discharged soldier a certificate or copy of any paper or record on file in his office." Acts 1879, p. 131.

Appellant's third objection to the admission of said certified copy in evidence is, that it was a copy of a copy. This objection is not well taken, as it seems to us; for every copy of a record is, as a rule, a copy of a copy, the record itself being generally a copy merely of some original instrument.

In section 283 of the practice act, it is provided, among other things, that copies of records, or office books, or parts thereof, which are kept in any public office in this State, should be proved or admitted as legal evidence in any court or office in this State, by the attestation of the keeper of such records or books, that the same are true and complete copies of the records, books, or parts thereof, and the seal of office of the keeper thereof thereto annexed. 2 R. S. 1876, p. 150.

It will be seen that the copy of the record or part thereof, offered in evidence and objected to by the appellant, in this case, was attested and certified in the mode prescribed by the statute; and we think this certified copy was competent evidence, and, as such, was properly admitted by the court, over the appellant's objections.

The only other questions in this case relate to the sufficiency of the evidence to sustain the finding. It seems to us, there is competent evidence in the record, which tends to sustain the finding of the court. In such a case, this court has so uniformly held, that it could not and would not disturb the finding or verdict upon the mere weight of evidence, that we may well be excused from citing such decisions. We see no ground upon which it can be correctly said, that the finding of the court was contrary to law.

Our conclusion is, that the court did not err in overruling the appellant's motion for a new trial of this cause.

The judgment is affirmed, at the appellant's costs.