Murphy v. The State.

Filed Oct. 11, 1884.

---

## No. 11,898.

## MURPHY v. THE STATE.

97 579
127 225
97 579
134 91
97 579
139 583

97 579
149 413
149 705
150 85

CRIMINAL LAW.—*Severity of Punishment.—Constitutional Law.—Supreme Court.*—Where the punishment assessed against the defendant, in a criminal cause, seems excessive and oppressive, yet, if it be within the limits prescribed by the statute, the apparent severity of the judgment affords the Supreme Court no legal or sufficient ground for disturbing the finding or reversing the judgment of the trial court.

SAME.—*Evidence.*—Unless the record shows an absolute failure of evidence to sustain the finding or verdict on some material point, the Supreme Court is not justified, even in a criminal cause, in reversing the judgment upon the weight of the evidence.

SAME.—*Reversal of Judgment.—Harmless Error.*—In a criminal cause the Supreme Court is not authorized to reverse the judgment for an error which does no harm or injury to the defendant.

Murphy v. The State.

SAME.—*Trial by Jury.— Waiver of Constitutional Right.—Statute Construed.*— Under section 13 of the Bill of Rights in the Constitution of this State, the defendant in a criminal cause has the constitutional right to a public trial by an impartial jury, but the right is one which, under the provisions of section 1821, R. S. 1881, he may waive, except in a capital case. This section of the statute is a constitutional and valid law.

From the Owen Circuit Court.

*J. H. Fowler,* for appellant.

*F. T. Hord,* Attorney General, *F. P. A. Phelps,* Prosecuting Attorney, and *W. B. Hord,* for the State.

HOWK, J.—In this case the indictment charged the appellant with an assault, with the felonious intent to kill and murder one Jacob Kersch. Upon his arraignment and plea of not guilty, the issues joined were, by agreement of the parties, submitted to the court for trial without the intervention of a jury. The court found the appellant guilty as charged in the indictment, and assessed his punishment at confinement in the State prison for a period of seven years, and a fine in the sum of $100. Over the appellant's motion for a new trial, and his exception saved, the court rendered judgment against him on its finding.

The first error assigned by the appellant in this court is the overruling of his motion for a new trial. Under this error the appellant's counsel first insist that the punishment assessed by the court is excessive and oppressive. In section 1909, R. S. 1881, the offence charged against the appellant, and of which he was found guilty, is defined and its punishment is therein prescribed at imprisonment " in the State prison not more than fourteen years nor less than two years," and a fine " not exceeding two thousand dollars." It will be seen, therefore, from our statement of this case, that the punishment assessed against the appellant is within the limits of the punishment prescribed by the statute for such an offence. In *McCulley* v. *State,* 62. Ind. 428, upon the point now under consideration, this court said : " It was the province of the jury

to affix the appellant's punishment, and even if the punishment seemed severe, if it was within the law, as it clearly is, we would not disturb the verdict on that ground." We adhere to this view of the question under consideration in the case at bar, and even though the punishment assessed against the appellant might seem to be excessive and oppressive, yet we can not disturb the finding of the court on that ground; for the punishment assessed was within the law.

It is also insisted by the appellant's counsel that the finding of the court was not sustained by sufficient evidence. There was evidence introduced to the effect that on the 20th day of February, 1884, the appellant went into the saloon of the prosecuting witness, Jacob Kersch, in the town of Quincy, in Owen county, and asked for a drink of whiskey. Kersch refused him the whiskey; told him he already had enough whiskey, and had better take ginger-pop. Appellant replied that he knew what he wanted, and that if he couldn't get what he wanted he would not have anything; and Kersch could put him out if he wished. Kersch took the appellant to the door, and he went out without resistance or apparent anger. Soon after the appellant was put out of the saloon three pistol shots were fired from the outside apparently at the door through which he was put out, Kersch being at the time behind the door on the inside of the saloon. The ball from one of the pistol shots lodged in the door-casing; the ball from another shot passed through the door itself and lodged in a door of the saloon opening into the house; and the ball from the other shot was not accounted for. No one saw the appellant fire these pistol shots, or either of them, so far as the evidence shows.

The point is made on behalf of the appellant that the evidence fails to show he fired the pistol shots, and that, for this reason, it was error to overrule his motion for a new trial. It was shown by the evidence, however, that immediately after the pistol shots were fired, the appellant was seen in the vi-

cinity of the saloon with a five-chambered revolver pistol in his hands; but three or four chambers were loaded shortly after the shooting occurred. The evidence was not so clear or convincing, nor so satisfactory, as it might, and, perhaps, ought to have been, to have fully justified the court in finding the appellant guilty of the offence charged in the indictment. But the question of the sufficiency of the evidence to sustain the appellant's conviction of the offence wherewith he was charged, was submitted to the trial court without the intervention of a jury; and although the evidence, as we read it in the record, does not fully convince us of the appellant's guilt, yet we can not say that it fails on any material point to sustain his conviction. Of course, the learned judge who presided at the trial had opportunities and facilities which we, as an appellate court, can not possibly have for testing the credibility of the witnesses and determining the weight of the evidence. For this reason there must be an absolute failure of evidence to sustain the finding or verdict on some material point, before we would be justified in reversing the judgment on the evidence. There is no such failure of evidence in the case at bar upon the point under consideration.

But the appellant's counsel also insists that the finding of the court was not sustained by sufficient evidence, because it failed to show, as counsel claims, that the appellant had, at the time of the felonious assault charged in the indictment, "the present ability " to commit the particular felony mentioned therein. This point does not seem to us to be well taken. The evidence shows that the appellant had in his hands, at the time the assault was committed, a five-chambered revolver pistol loaded with cartridge and ball. There was evidence introduced, also, which tended to prove that the appellant fired three shots from his pistol at the door of Kersch's saloon, and that one of the balls so shot passed through such door, behind which Kersch then was, and through the saloon to and lodged in an opposite door. We think, therefore, that the evidence was sufficient to authorize the court to find not

only the unlawful attempt of the appellant, but his present ability to commit the particular felony charged in the indictment. *State* v. *Swails*, 8 Ind. 524; *State* v. *Hubbs*, 58 Ind. 415; *Howard* v. *State*, 67 Ind. 401.

We are not authorized to disturb the finding, or reverse the judgment of the trial court, upon the evidence appearing in the record. *Cox* v. *State*, 49 Ind. 568.

The appellant has assigned as error the action of the circuit court "in changing the penalty of imprisonment and the fine assessed, after said penalty of imprisonment and fine had been announced in the presence of the appellant in open court, and after the court had entered such finding on its docket." It is shown by a bill of exceptions, properly in the record, that after the trial of this cause was closed, to wit, on June 11th, 1884, the court announced its findings in open court, in the presence of the appellant, to the effect that the court found him guilty as charged, and assessed his punishment at seven years' imprisonment in the State prison, and assessed his fine at $100, whereupon he was committed to jail without the rendition of judgment on such finding. On the next day, June 12th, 1884, the court, of its own motion, ordered the appellant to be brought into open court, and, of its own motion, in the presence of appellant and his counsel, announced that as the appellant's counsel thought the punishment too severe, in deference to this opinion, the court was willing to reduce the punishment to five years' imprisonment in the State prison and a fine of $10, and changed the pencil entry of its finding accordingly on the judge's or court docket. Whereupon the appellant, by his counsel, announced that he had filed no motion for a modification of the judgment, but had filed a motion for a new trial, and would save an exception to such action of the court. Thereupon the court announced that it would let its finding stand as originally entered, and made the necessary change on the court docket for that purpose, to which the appellant then excepted. Afterwards, as heretofore stated, the court rendered judgment

against the appellant upon and in accordance with its original finding, and no other or different judgment was rendered in the cause.

It will be observed from the error assigned here by the appellant, that he complains only of the proposed action of the trial court, namely, to reduce his imprisonment in the State prison from seven years to five years, and to reduce his fine from $100 to $10. If this proposition had been accepted by the appellant, and had been fully consummated by the judgment of the court in accordance therewith, we fail to see how the appellant could have been injured or harmed thereby, even if such action of the court had been erroneous. And inasmuch as the proposed action was not accepted by the appellant, and was never consummated by the judgment of the court thereon, it is still more difficult for us to see how or why the appellant was injured or harmed by the naked proposition of the court to do an act, apparently in the interest and for the benefit of the appellant, but which, on account of his objection thereto, it never fully accomplished. Even if the proposed action of the court had been clearly erroneous, it was never fully consummated by the judgment of the court thereon, and the appellant was not harmed thereby. A harmless error will not authorize the reversal of a judgment in a criminal cause. *Binns* v. *State*, 66 Ind. 428; *Powers* v. *State*, 87 Ind. 144; section 1891, R. S. 1881.

The last error assigned by the appellant is as follows: "That the court had no jurisdiction to try the cause, and assess the fine and penalty of imprisonment." Section 1821, R. S. 1881, provides as follows: "The defendant and prosecuting attorney, with the assent of the court, may submit the trial to the court, except in capital cases. All other trials must be by jury." It is claimed, however, by the appellant's counsel, that this section of the statute, in so far as it authorizes and provides for the trial of a criminal prosecution by the court, without the intervention of a jury, is repug-

Murphy v. The State.

nant to and in conflict with section 13, in the Bill of Rights in our State Constitution. In this section 13, so far as applicable to the question under consideration, it is declared as follows: "In all criminal prosecutions the accused shall have the right to a public trial by an impartial jury in the county in which the offence shall have been committed." Under this provision of the fundamental law of this State, there can be no doubt that the defendant, in a criminal prosecution, has the constitutional right to a public trial by an impartial jury. But it will not do to say, we think, that this right to a trial by jury is a right which the defendant may not waive, if he choose so to do, and if the law provide for such waiver. For, if the defendant can not waive his right to a trial by jury, neither can he waive his right to such trial in the county in which the offence shall have been committed; and the effect of such a conclusion would be to deprive him of the right and benefit of a change of venue from such county under any circumstances. Section 1821 of the criminal code, above quoted, does not deprive the defendant, in a criminal prosecution, of his constitutional right to a public trial by an impartial jury. It simply provides by law that such defendant, by agreement with the prosecuting attorney, and with the assent of the court, may, if he choose so to do, waive his constitutional right to a trial by jury and "submit the trial to the court." Such statutory provision is neither repugnant to nor in conflict with any provision of our State Constitution, and is not void. *Butler* v. *State, ante,* p. 378 (opinion by ELLIOTT, C. J., and authorities cited).

We have found no error in the record of this cause which requires a reversal of the judgment.

The judgment is affirmed, with costs.

Filed Oct. 14, 1884.