Barnett *et al. v.* The State.

Filed May 2, 1895.

---

No. 17,464.

## BARNETT ET AL. *v.* THE STATE.

NEW TRIAL.—*Newly-Discovered Evidence, When not Granted on Account of.*—*Affidavits, Sufficiency of.*—A new trial will not be granted on account of newly-discovered evidence where the affidavit in support of the motion is wholly devoid of facts, except mere conclusions, showing due diligence; nor where the facts presented in the affidavit do not show the evidence to be material, or that the same is true or believed to be true; nor that knowledge of the evidence had been acquired since the trial; nor where it appears that the newly-discovered evidence is merely cumulative; nor where it does not appear that the evidence in question would or might change the result.

From the Marion Criminal Court.

*W. H. Payne* and *W. P. Adkinson*, for appellants.

*W. A. Ketcham*, Attorney-General, and *S. H. Spooner*, for State.

JORDAN, J.—Appellants, Barnett and Russell, were charged by affidavit and information in the Marion Criminal Court of an assault and battery with the felonious intent to rob one Peter O'Hare, at said county, on July 21, 1894. Under their plea of "not guilty" they were tried and convicted of the crime alleged and, over the separate motion of each for a new trial, were sentenced

by the court to pay a fine and be imprisoned in the State's prison for a term of four years.   From this judgment they have appealed and each has filed separate assignment of errors.   Appellants, by their second and third assignments (which we may here suggest are defective), seek to assail, for the first time, the sufficiency of the affidavit and information upon the grounds that averments of facts therein are uncertain and defective in the manner stated in the briefs of their attorneys.  There is no contention or objections, and none, in our opinion, could be successfully interposed upon that ground, that these pleadings upon the part of the State do not charge a public offense of which the court had jurisdiction. Hence it follows that the attack made in this court for the first time upon the affidavit and information can in no respect avail the appellants.   Elliott App. Proced., section 488, and cases cited.

The only other questions presented for our consideration arise out of the actions of the trial court in overruling the motions for a new trial.   Complaint is made that the evidence does not sustain the judgment and that the court erred in not granting a new trial upon the ground of newly discovered evidence.   Each appellant filed his own affidavit in support of the alleged grounds of newly discovered evidence.   The affidavit of Russell, filed for this purpose, states substantially these facts and nothing more:

That before his trial he caused a subpœna to be issued and placed in the hands of the sheriff for the witnesses, whose evidence he sought to obtain.   That the persons (naming them) were not in court at the trial and could not be procured, and the subpœna was returned, indorsed "not found."   That their evidence is material, and that he used due diligence to procure the same, and that he can produce the witnesses upon a new trial.

Appellant Barnett, in his affidavit filed for a like purpose, also stated in substance:

That he was under arrest and confined in jail, upon the charge, at and prior to the time of his trial, and for that reason it was impossible for him to procure witnesses or evidence, and that the witnesses whose evidence he desired were away from the city of Indianapolis, at work. That he used every effort to obtain these witnesses, but could not for the reason that it was out of his power, as he had no one to hunt up his evidence.

Both of these affidavits were insufficient to support the claim for a new trial, for newly discovered evidence, in several respects, chief of which are these:

First. Each affidavit is wholly devoid of facts, except mere conclusions, showing due diligence upon appellants' part, either to discover or obtain the evidence before the trial.

Second. No facts are presented wherein it is shown to the court that the evidence is material, and neither is there any averment that the same is true or believed to be true.

That these were essential matters required to be properly shown by the affidavits, is firmly settled by the decisions of this court. *Presser* v. *State,* 77 Ind. 274; *Skaggs* v. *State,* 108 Ind. 53; *McClure* v. *State,* 116 Ind. 169; *Cooper* v. *State,* 120 Ind. 377; *Ward* v. *Voris,* 117 Ind. 368.

Again, it is not made to appear by the affidavits that knowledge of the evidence had been acquired by appellants since the trial. This was essential. *Simpson* v. *Wilson, Admr.,* 6 Ind. 474. It also appears from an examination of the record that the evidence sought to be obtained was merely cumulative, and it is also obvious, we think, that it would not change the result in favor of appellants upon a new trial, and for these reasons alone would not

entitle them to a new trial. That another trial will not be granted where the newly discovered evidence is merely cumulative, or where it does not appear that the evidence in question would or might change the result in favor of the complaining party upon a new trial, can not be controverted. This rule is one well settled and recognized by numerous decisions of this court.

We have read the evidence contained in the record, and find that it supports the judgment on every material point. The court did not err in denying the motions for a new trial.

Judgment affirmed.

