Naanes *v.* The State.

Filed January 10, 1896.

No. 17,586.

## NAANES *v.* THE STATE.

| 143 | 299 |
| 145 | 623 |

| 143 | 299 |
| 148 | 529 |
| 152 | 679 |

| 143 | 299 |
| 153 | 438 |

| 143 | 299 |
| 157 | 95 |

| 143 | 299 |
| 165 | 441 |

CRIMINAL LAW.—*Indictment.—Duplicity.—Appellate Procedure.—*An indictment cannot first be attacked on appeal on the ground of duplicity.

APPELLATE PROCEDURE.—*Affidavits in Support of Motion for New Trial.—Striking Out.—Record.—Criminal Law.—*Alleged errors in striking out an affidavit filed in support of a motion for new trial in a criminal action cannot be considered on appeal, where such affidavit is not contained in the bill of exceptions, and is merely referred to therein as having been previously inserted in the record at a specified page.

EVIDENCE.—*Copy of Register of Insane Hospital.—Sufficient Verification.—*An affidavit by the superintendent of a hospital, that a copy of a register, which he is required by section 3040, R. S. 1894, to keep, is "a true copy of the records as they appear at said institution," is insufficient to authorize its admission in evidence, under section 466, making such copies admissible when duly verified as being "true and complete" copies.

SAME—*Proceeding of an Examination by a Commissioner as to Sanity.—Criminal Law.—Insane Hospital.—*The proceedings of an examination by a commissioner as to the sanity of a given person instituted to determine if she is a proper subject to be admitted as a patient into a hospital for the insane, finding that she is of sound mind, and at times feigned insanity to escape criminal prosecution, is inadmissible against such person on a criminal prosecution against her.

From the Marion Criminal Court.

*W. Robertson,* for appellant.

*W. A. Ketcham,* Attorney-General, *S. H. Spooner* and *M. Moores,* for State.

JORDAN, J.—Appellant, over her plea of not guilty, and a special one pleading insanity, was convicted upon the charge of grand larceny, and her punishment assessed by a jury at a fine of one dollar and imprisonment in the reform school for women and girls for a period of two years. A motion for a new trial was overruled, and the court rendered its judgment in accordance with the verdict of the jury.

The errors assigned are: "1st. That the indictment upon which the appellant was convicted, was bad for duplicity.

"2nd. That the court erred in striking out the affidavit of David S. Leach, filed in support of the motion for a new trial.

"3rd. That the court erred in overruling the motion for a new trial."

The first error assigned presents no question for our consideration, as an indictment cannot be assailed for the first time in this court, upon the ground of duplicity. There is no contention that the indictment does not charge a public offense, or one over which the lower court had no jurisdiction. *Barnett* v. *State,* 141 Ind. 149, 40 N. E. 666.

The second assignment must also be dismissed without consideration, for the reason that the affidavit of the affiant, which is alleged to have been stricken from the files, has not been incorporated into the record by a bill of exceptions. The only reference to it, which appears in the bill, is the following: "Heretofore inserted in the record. See line one, page 13½, of this

transcript." The fact that the affidavit was filed does not alone serve to make it a part of the record, so as to present any question upon an appeal to this court. The requisite mode, and, in fact, the only one, recognized for making affidavits, filed to sustain alleged grounds for a new trial, a part of the record, in a criminal cause, is to embody them in a bill of exceptions. *Leverich* v. *State,* 105 Ind. 277; *Meredith* v. *State,* 122 Ind. 514; *Townsend* v. *State,* 132 Ind. 315.

In *Reed* v. *State,* 141 Ind. 116, in considering the question, we inadvertently used the words "or order of court," from which it might possibly be inferred that this court intended to hold that an order of court in a criminal action would serve the same purpose in bringing affidavits into the record, as does a bill of exceptions. The writer of the opinion in that appeal having in mind at the time the provisions of our civil code, (Section 662, R. S. 1894; section 650, R. S. 1881), which have no application to criminal procedure, but relate exclusively to civil cases, the affidavit in question not being embraced in a bill of exceptions, this court has no legitimate means of knowing its character or contents, or for what purpose it was intended; and, consequently, we must presume in favor of the action of the trial court.

The affidavit of Dr. J. M. Jones, filed to establish the newly discovered evidence relied upon by the appellant, as one of the reasons for a new trial, is not properly embraced in any bill of exceptions; being simply referred to in like manner, as was the one previously considered, and for the same reason is not available to appellant in her appeal to this court.

Counsel next complain of the action of the court in refusing to admit in evidence what purported to be a copy of the register of the Central Indiana Hospital for

the Insane, which, as is stated, was offered to show that the mother of appellant had been admitted as a patient into that institution, and also the symptoms of her insanity.

This paper was sworn to by George F. Edenharter, superintendent of the asylum, and it is therein stated by him that the same "is a true copy of the records, as they appear at said institution." By section 3040, R. S. 1894, it is provided that the board of trustees of such institution shall require the superintendent to cause to be kept a hospital register, showing the date of admission of patients, etc. Under section 466, R. S. 1894 (section 462, R. S. 1881), copies of a record, book, or parts thereof, required by law to be kept in any public office in this State, are admissible in evidence, when verified by a proper certificate of the custodian of such records or books, as being true and complete copies of the records, books, or parts thereof, in his custody, to which certificate must be annexed the seal of his office. In the event there is no official seal, then the statute requires the certificate of the clerk of the circuit court or superior court, attested by the seal thereof, to establish that the attestation of the copy of the record has been made by the proper officer. It is manifest that the attempt to authenticate the copy of the hospital record in controversy did not substantially comply with the requirements of the statute, and for that reason, alone, the evidence offered by appellant was not admissible, and the same was rightfully excluded. It was, to say the least, fatally insufficient in not certifying that the copy "is a true and complete one of the record," in his custody, and hence did not satisfy the provisions of the written law. *Tull* v. *David,* 27 Ind. 377; *Weston* v. *Lumley,* 33 Ind. 486; *Board, etc.,* v. *May,* 67 Ind.

562; *Painter* v. *Hall*, 75 Ind. 208; *Board, etc.*, v. *Hammond*, 83 Ind. 453.

At the trial the court, over the objections of appellant, permitted the State to introduce in evidence the proceedings of an examination by a commission as to the sanity of the appellant on October 30, 1894 (being but a short time prior to the trial), before Justices Daniels and Habich, of Marion county, Indiana, under section 3210, R. S. 1894 (section 2843, R. S. 1881).

These proceedings were duly certified and filed with the clerk of the Marion Circuit Court, and we must presume that they were necessarily instituted for the purpose of determining if she was a proper subject to be admitted as a patient into the Hospital for the Insane. These consisted of the statement required by the statute and sworn evidence of doctors Kahlo and Maxwell, and the finding thereon of the two justices of the peace.

Doctor Maxwell stated, as his evidence, embodied in the proceedings, shows, that, in his opinion, the appellant was not insane. That "at times she feigned insanity to escape criminal prosecution." Upon the evidence, thus deduced before them, and upon an examination by them, as they state, the justices made a finding that the appellant was of sound mind. This record was offered by the State and permitted by the court to go to the jury, for the purpose of showing that the appellant was sane at the time she committed the alleged larceny, to-wit: October 24, 1894, and thereby rebutting the testimony introduced by her upon the trial upon the question of her insanity. There is evidence in the case in behalf of the appellant, tending to show that her alleged insanity had existed for several years prior to the commission of the crime with which she was charged. Her counsel insists that the action of the trial court in admitting in evidence these proceed-

ings was clearly erroneous and prejudicial to the rights of the appellant. With this contention, under the circumstances in the case, we are constrained to concur. In *Goodwin* v. *State*, 96 Ind. 550, on page 564 of the opinion, this court, by Elliott, J., in referring to this kind of evidence, said: "It is maintained with much force in *Leggate* v. *Clark*, 111 Mass. 308, that the evidence is incompetent, and we are not prepared to say this is not the correct rule. The statute did not intend to do more than provide a method of procedure limited and restrained to a single purpose, and there is much reason for declaring that the judgment of the commission is not evidence in a civil or criminal prosecution. It is a very different thing from an inquisition of lunacy, for in such a proceeding the *status* of the party is fixed as to all the world; while the statutory inquiry by the justices is restricted to one specific purpose."

This commission, which is the creature of the statute, and is only intended by the latter to determine whether the person alleged to be insane is a proper subject to be admitted, as a patient, for treatment, into the Hospital for the Insane. It is *extra*-judicial, and is not intended, as is the judicial proceeding *in rem* for the appointment of a guardian for the person and property of a lunatic, to fix the *status* of the person, over whom the inquisition is held. Upon the appellant's special plea, whereby she interposed her alleged insanity as a defense, the question, thereunder, for the jury to determine from the evidence, was: Did she have mental capacity sufficient, under the law, at the time she committed the alleged offense, as to render her subject to the penalties of the statute with which she was charged by the State of having violated? In the case of *Leggate* v. *Clark*, 111 Mass. *supra*, the court, in considering the question, said: "A man may be a proper sub-

ject for the treatment and custody of a lunatic hospital, and yet have sufficient mental capacity to make a will, enter into a contract, to transact business, and be a witness. *Kendall* v. *May*, 10 Allen 59." It may in reason also be said that a person found, upon the inquiry of a commission, not to be a fit subject for admission, as a patient, for treatment, into an insane asylum, may, nevertheless, be of such mental unsoundness, as to have immunity from punishment for crime. The proceedings of this commission, and the examination of the witnesses were matters with which appellant had nothing to do, and in no sense was she a party thereto. If the evidence of the witnesses, as recorded in the proceedings of the commission, and whom she had no opportunity to cross-examine, should be held to be admissible against her upon this criminal charge, it would manifestly result in a denial of her right, upon her trial, under the constitution, to meet witnesses adverse to her "face to face." The evidence of Doctor Maxwell, before the commission, and which was read in evidence to the jury, was, as we have seen, to the effect that she was sane, and that she only feigned insanity in order to escape á criminal prosecution. That this may have exerted, against appellant, a controlling influence over the jury, cannot be successfully controverted. With equal propriety might the State have obtained and read in evidence to the jury, over appellant's objections, the affidavit of the witness embracing the same statements. Without further considering the question, and thereby extending this opinion, we must, and do hold, that these proceedings were not admissible for the purpose for which they were introduced by the State, and that the court erred in not excluding this evidence. For which error the judgment is reversed, and the cause

remanded, with instructions to the trial court to grant appellant a new trial.

A mandate is hereby awarded for the return of the prisoner to the custody of the sheriff of Marion county, which the clerk is directed to issue accordingly.

