## PACE *v.* THE STATE.

[No. 18,893.    Filed Mar. 7, 1899.    Rehearing denied Mar. 29, 1899.]

CRIMINAL LAW.—*Indictment.*—*Appeal and Error.*—The sufficiency of an indictment cannot be questioned for the first time on appeal. *p. 343.*

APPEAL AND ERROR.—*Record.*—*Evidence.*—The evidence cannot be considered on appeal where there is nothing in the transcript or certificate of the clerk to show that what purports to be the manuscript of the evidence embraces the evidence given at the trial. *pp. 343-345.*

From the Adams Circuit Court.    *Affirmed.*

*R. S. Peterson* and *S. Peterson,* for appellant.

*William L. Taylor,* Attorney-General, and *Merrill Moores,* for State.

JORDAN, J.—Appellant was charged by indictment with the crime of rape, and upon a trial by jury he was found guilty, and, over his motion for a new trial, which challenges the verdict upon the grounds only that it is contrary to law and to the evidence, he was sentenced by the court to be imprisoned in the Indiana Reformatory for a term of not less than one year and not more than twenty-one years. From this judgment he appeals, and assigns as errors: First, that the court erred in overruling his motion for a new trial; second, the court erred in putting the defendant to trial on an insufficient indictment; third, the court erred in rendering judgment on the verdict of the jury against the appellant.

Counsel for appellant, for the first time, seek to assail the sufficiency of the indictment under the second specification of errors.    It is manifest that this assignment, as formulated, presents no question for our consideration.    *Barnett v. State,* 141 Ind. 149.

It is insisted that the verdict of the jury is contrary to the evidence, but, as the latter is not properly in the record, for the reasons hereinafter stated, we must dismiss appellant's con-

tention in this respect without consideration. All that the record discloses relative to the filing of any bill of exceptions embracing the evidence is that on January 17, 1899, the attorneys for appellant presented to "the court their bill of exceptions containing the longhand manuscript embracing the evidence, in these words (here insert), which said bills of exceptions are now, in open court, signed, sealed, and made a part of the record in this cause." Next after this entry follows the general and only certificate of the clerk of the lower court wherein he certifies "that the above and foregoing transcript contains full, true, and complete copies of the papers and entries in said cause, ordered to be set out therein by the written order of the attorney for the defendant, which written order is hereto attached."

This certificate is signed by the clerk, and attested by the seal of the court. Next following this certificate is the special bill of exceptions, embracing the motion for a new trial, and disclosing the date upon which the motion was filed. This special bill of exceptions is signed by the trial judge and after it, in the transcript, follows what purports to be the original longhand manuscript of the evidence as taken at the trial by a shorthand reporter. At the close of this manuscript of evidence appears the signature of the trial judge.

There is no certificate of the clerk, nor anything else appearing in the transcript, competent to show that the manuscript embraces the evidence given upon the trial. This document contains none of the formal parts of a bill of exceptions, and if it could be accepted as a bill embracing the evidence given upon the trial, there is nothing whatever to disclose that it is the same bill of exceptions which is shown to have been filed in open court, and directed to be set out by the words "here insert." That this entry, under the circumstances, cannot be considered as sufficient to show the filing of this identical bill, is settled by many decisions of this court. Upon any view of the case, it is so manifest that what

Pittsburgh, etc., R. Co. v. Moore, Adm.

purports to be the evidence in the case is not properly before us that we may dismiss the question without further comments. Judgment affirmed.