## ROBINSON *v*. STATE OF INDIANA.

[No. 22,051.   Filed March 15, 1912.]

1. CRIMINAL LAW.—*Affidavit.—Failure of Prosecuting Attorney to Indorse Approval.*—The failure of a prosecuting attorney to indorse his approval on an affidavit as required by §1990 Burns 1908, Acts 1905 p. 584, is fatal if attacked by a motion to quash. p. 264.

2. CRIMINAL LAW.—*Indictment.—Affidavit.—Failure to Attack in Trial Court.—Appeal.*—An indictment or affidavit can only be successfully assailed for the first time on appeal when it fails to state facts sufficient to constitute a public offense, but such assignment of error will not reach mere uncertainty or a defective statement of facts or technical defects which could have been corrected in the trial court. p. 265.

3. CRIMINAL LAW.—*Indictments.—Affidavits.—Objections.—Appeal. —Application of Civil Code.*—By virtue of §2231 Burns 1908, §344 Acts 1905 p. 584, the provisions of the civil code (§348 Burns 1908, §343 R. S. 1881), that objections to a complaint not taken by demurrer or answer are waived, except when the objection is that the court has no jurisdiction of the subject of the action or that the complaint does not state facts sufficient to constitute a cause of action, have heretofore governed the criminal procedure with reference to objections to indictments and informations and been authority for assailing such criminal pleading for the first time on appeal. p. 266.

4. CRIMINAL LAW.—*Statutes.—Retroactive Effect.—Pending Actions.—Appeal.—Objections.*—The provisions of §3 Acts 1911 p. 415, amending §348 Burns 1908, §343 R. S. 1881, so that a complaint cannot be assailed for want of facts for the first time on appeal, must also apply to objections to indictments and informations in cases thereafter arising but do not apply in a case where the commission of a crime, the trial of the accused, and the rendition of judgment, occurred before the passage of said act. p. 266.

From Allen Circuit Court; *Edward O'Rourke,* Judge.

Prosecution by the State of Indiana against Delos Robinson. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Philip B. Colerick* and *Samuel M. Hench,* for appellant.

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman, Edwin Corr* and *James E. McCullough,* for the State.

Cox, J.—Appellant was convicted of the crime of robbery, under the provisions of §1 of the act of March 5, 1909 (Acts 1909 p. 170), and was given an indeterminate sentence of imprisonment in the state reformatory for a period of not less than five nor more than fourteen years, fined and disfranchised.

The section of the act in question defines the crime of robbery, and provides a penalty such as was imposed in this case. It also provides that the perpetration of an assault, or assault and battery with intent to commit robbery, shall carry the same penalty as provided for robbery.

The affidavit on which appellant was tried and convicted contains three counts, charging appellant with assault and battery with intent to commit robbery, with robbery and with petit larceny.

Appellant assails the affidavit in this court for the first time, by assigning as error that the affidavit and each count does not state facts sufficient to constitute a public offense.

No complaint is made of any defect in the charging parts of the first and second counts of the affidavit, which charge, respectively, assault and battery with intent to commit robbery and robbery; and manifestly they do formally and properly allege facts constituting those offenses and their commission by appellant. If not indeed directly conceded, this is not denied by appellant's counsel, but under this assignment of error they claim that the affidavit will not sustain the conviction, because the record fails to show that it was indorsed "approved by me" by the prosecuting attorney, as required by §1990 Burns 1908, Acts 1905 p. 584.

This court held in *Cole* v. *State* (1907), 169 Ind. 393,

1. 82 N. E. 796, that such an omission is fatal to an affidavit on a motion to quash, and counsel rely upon that case to sustain their contention in this. If the defect which is made the basis of appellant's claim had in fact existed, and appellant had interposed a timely motion to quash, it would, under this decision, have been error to over-

rule it.   But no such motion was made.   Defects and
2.   irregularities, however, which will compel an indict-
ment or affidavit to succumb to a motion to quash,
may not be sufficient to overthrow it when the assault is
made in this court for the first time.   In the latter case the
indictment or affidavit can only be successfully assailed
when it fails to state facts sufficient to constitute a public
offense.   *Trout* v. *State* (1886), 107 Ind. 578, 8 N. E. 618;
*Pattee* v. *State* (1887), 109 Ind. 545, 10 N. E. 421; *Chandler*
v. *State* (1895), 141 Ind. 106, 39 N. E. 444; *Barnett* v. *State*
(1895), 141 Ind. 149, 40 N. E. 666; *Naanes* v. *State* (1896),
143 Ind. 299, 42 N. E. 609; *Pace* v. *State* (1899), 152 Ind.
343, 53 N. E. 183; Elliott, App. Proc. §488; Ewbank's Man-
ual §§136, 283.

Such an assignment of error will not reach mere uncer-
tainty or a defective statement of the facts, or a failure to
observe technical formalities which could have been cor-
rected in the trial court before trial if the court's attention
had been called thereto.   The record in the case shows that
the prosecuting attorney appeared in open court in person,
and filed the affidavit which is set out in the record.   It does
not appear from the record that the affidavit was not prop-
erly indorsed, or that it was, for the back, which usually
contains the title and indorsement, is not set out.   If, in fact,
it was not indorsed as required, and the trial court's atten-
tion had been directed to the defect by a motion to quash,
before the beginning of the trial it could then have been
properly indorsed.   *Cole* v. *State, supra.*   It would be a
reproach to the law to require a judgment to be held for
naught, and the State put to the expense of another trial,
for a defect which did not prejudice the substantial rights of
appellant, and which he could have had corrected before trial
if it in fact existed.   This we are forbidden to do.   §2221
Burns 1908, §1891 R. S. 1881.

It may not be out of place to say here that the rule of
allowing the question of the sufficiency of an indictment or

information to be first raised by assignment of error
3. in this court, which was definitely and certainly laid
down for the first time in *Henderson* v. *State* (1878),
60 Ind. 296, grew out of the analogy between a complaint
in a civil action and an indictment or information in a criminal one. The civil code has long provided that objections
to a complaint therein specified, which are not taken by demurrer or answer, shall be deemed to have been waived by
the defendant except only the objection to the jurisdiction
of the court over the subject of the action, and except the
objection that the complaint does not state facts sufficient
to constitute a cause of action. 2 G. & H. p. 81 §54, 2 R. S.
1876 p. 59, §54, §343 R. S. 1881, §348 Burns 1908. While
a like provision has not existed in the code of criminal procedure relating to objections to indictments and informations it has contained, during the same period, the general
provision that in all criminal cases where no special provision has been made in it, the rules of pleading and practice in civil actions shall govern, so far as applicable. 2
G. & H. p. 428 §172, §2231 Burns 1908, Acts 1905 p. 584
§344. The provisions of §348, *supra,* have been authority
for the rule in civil cases, and §2231, *supra,* for extending
it to criminal cases.

Section 348, *supra,* was amended by §3 of the act approved
March 4, 1911 (Acts 1911 p. 415), so as to eliminate the
exception of the objection that the complaint does
4. not state facts sufficient to constitute a cause of action,
and there is now no longer authority for assailing a
complaint for want of facts for the first time by assignment
of error in this court; and it would seem to follow that the
reason for the rule permitting a like assault on an indictment
or information has ceased. The crime for which appellant
was tried and convicted was committed, and he was tried and
judgment rendered against him, before the passage of the
act of 1911, *supra,* and it would not, therefore, apply in this
case.

It is contended that the judgment is not sustained by the evidence. But after a careful examination of it we conclude that the trial court was fully warranted in finding appellant guilty of robbery on the facts which the evidence fairly established.

Finding no error in the record, the judgment is affirmed.

NOTE.—Reported in 97 N. E. 929. See, also, under (1) 12 Cyc. 293; (2) 12 Cyc. 811; (3) 12 Cyc. 812; (4) 36 Cyc. 1215. For a discussion of the time and method of objecting to the sufficiency of an indictment see 1 Ann. Cas. 479.