IN THE

# SUPREME COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1913, AND NOVEMBER
TERM, 1913, IN THE NINETY-SEVENTH AND NINETY-
EIGHTH YEARS OF THE STATE.

---

### LAY *v.* STATE OF INDIANA.

[No. 22,316.   Filed June 24, 1913.]

1. INDICTMENTS.—*Sufficiency of Indictment or Affidavit.—Initial Attack on Appeal.*—Since the taking effect of §3 of the act of March 4, 1911 (Acts 1911 p. 415), the right to assail an affidavit or indictment by independent assignment of error, for the first time on appeal, no longer exists. p. 2.

2. CRIMINAL LAW.—*Appeal.—Ruling on Motion to Quash.—Waiver of Error.—Briefs.*—Although properly assigned as error on appeal, the overruling of a motion to quash is not available where neither appellant's brief nor the record contains any such motion. p. 2.

3. CRIMINAL LAW.—*Appeal.—Questions Reviewable.—Evidence.—Record.*—Where a plat introduced in evidence was not incorporated in the bill of exceptions containing the evidence, alleged error in overruling a motion for a new trial which was grounded on the insufficiency of the evidence is not available on appeal, since the record does not contain all the evidence. p. 2.

4. CRIMINAL LAW.—*Judgments.—Motion in Arrest of Judgment.—Grounds.*—A motion in arrest of judgment can only be made on the ground that the offense was not committed within the jurisdiction of the court, or on the ground that the facts stated in the indictment or affidavit do not constitute a public offense. p. 3.

5. CRIMINAL LAW.—*Sufficiency of Affidavit.—Jurat.*—Where the statement of the facts constituting the offense charged in an affidavit is followed by the signature of the prosecuting witness, and the jurat of the justice as follows: "Subscribed and sworn

to before me this 6th day of May, 1911. John E. Collins, J. P. (seal)", the affidavit was not rendered insufficient by the fact that the commencement stated the name of a person other than the prosecuting witness as affiant. p. 3.

6. CRIMINAL LAW.—*Appeal.*—*Harmless Error.*—*Affidavit.*—A mere irregularity in an affidavit charging the commission of a crime, which does not prejudice the substantial rights of the appellant, will not work a reversal. p. 4.

From Johnson Circuit Court; *Wm. E. Deupree,* Judge.

Prosecution by the State of Indiana against George Lay. From a judgment of conviction, the defendant appeals. *Affirmed.*

*William Featherngill,* for appellant.
*Thomas M. Honan,* Attorney-General, for the State.

Cox, J.—On appeal from a justice of the peace to the circuit court, appellant was tried by jury for trespass upon the lands of another, under the provisions of §2280 Burns 1908, Acts 1905 p. 584, §388, and was found guilty and fined $5.00 and costs.

The first four assignments of error in this court on which a reversal of the judgment of the lower court is sought, challenge the affidavit for the first time in this court.

1. Since the taking effect of §3 of the act of March 4, 1911 (Acts 1911 p. 415), the right to assail an affidavit or indictment by independent assignment of error, for the first time in this court, no longer exists. *Robinson* v. *State* (1912), 177 Ind. 263, 97 N. E. 929.

The overruling of appellant's motion to quash the affidavit against him is properly assigned as error, but is not available, as neither appellant's brief nor the record con-

2. tains any such motion. *Ward* v. *State* (1913),179 Ind. 524, 101 N. E. 809, and cases there cited. The overruling of appellant's motion for a new trial is assigned

3. as error and the causes urged for a new trial as the basis of this alleged error relate to the alleged insufficiency of the evidence both in law and fact to sustain the

verdict. This assignment is not available for the reason, as pointed out by the attorney-general, that a plat introduced in evidence by appellant and concerning which several witnesses testified, has not been incorporated in the bill of exceptions containing the evidence and the record does not therefore contain all the evidence. *Board, etc.* v. *Wagner* (1894), 138 Ind. 609, 613, 38 N. E. 171; *Pittsburgh, etc., R. Co.* v. *Greb* (1905), 34 Ind. App. 625, 632, 73 N. E. 620, and cases there cited.

The overruling of a motion in arrest of judgment made by appellant is also assigned as error and it is earnestly urged that it should have been sustained. A motion

4. in arrest of judgment in this State can only be made on two grounds, namely, that the offense was not committed within the jurisdiction of the court, and, that the facts stated in the indictment or affidavit do not constitute a public offense. §2159 Burns 1908, Acts 1905 p. 584, §283; *Bright* v. *State* (1883), 90 Ind. 343; *Merrick* v. *State* (1878), 63 Ind. 327. The only statutory ground stated in appellant's motion is the lack of facts sufficient to constitute an offense. Appellant's counsel have not pointed out wherein the affidavit fails to allege facts covering all the essential elements of the offense and no such failure appears. It is contended, however, that the affidavit was not sworn to and is therefore no affidavit at all. If the claim of counsel that the statement of the offense was not sworn to is correct then there would be good basis for the claim that the motion in arrest should

have been sustained. It, however, appears that the

5. affidavit was properly signed and sworn to before the justice. After a statement of the facts constituting the alleged trespass upon the inclosed land of William H. Ferrell, there follows the signature of Ferrell, and the jurat of the justice in the following words: "Subscribed and sworn to before me, this 6th day of May, 1911. John E. Collins, J. P. (seal)." This would make the affidavit sufficient even on a motion to quash without a formal com-

mencement stating the name of an affiant and that he was sworn according to law. *Beller* v. *State* [1883], 90 Ind. 448. In the affidavit before us the commencement states the name of another person as the affiant, but nevertheless it is manifest that Ferrell signed and swore to it. It

6. in no sense appears that appellant was harmed by the irregularity and it will not serve to secure a reversal. §2221 Burns 1908, Acts 1905 p. 584, §334.

The judgment is affirmed.

NOTE.—Reported in 102 N. E. 274. See, also, under (1) 12 Cyc. 811; (2) 12 Cyc. 886; (3) 12 Cyc. 867; (4) 12 Cyc. 756; (5) 12 Cyc. 293; (6) 12 Cyc. 914. As to what judgments and orders may be appealed from, see 20 Am. St. 173. As to the legal effect of a motion in arrest of judgment, see 135 Am. St. 74.