BROWN v. STATE OF INDIANA

[No. 27,554. Filed November 3, 1941. Rehearing denied December 8, 1941.]

254

*Oscar B. Thiel,* of Gary, for appellant.

*George N. Beamer,* Attorney General, and *Walter O. Lewis,* Deputy Attorney General, for the State.

SWAIM, J.—The appellant (defendant below) is appealing from a judgment of the Wayne Circuit Court, which judgment recited that "The Court finds that said defendant is guilty of the crime charged, namely: First Degree Rape . . . ." The record shows that in the Wayne Circuit Court, at the April Term, 1940, an affidavit was filed against the appellant, charging him in the language of the statute with first degree rape at and in the County of Wayne, in the State of Indiana; that thereafter the prosecuting attorney filed a petition seeking the permission of the court to file an amended affidavit, which, instead of merely charging first degree rape in the language of the statute, would charge the crime of rape in the first degree by setting forth in said affidavit that the appellant "unlawfully and feloniously made an assault and battery with intent to commit rape in the first degree in the County of Wayne and State of Indiana . . . and . . . unlawfully and feloniously and by force and violence and putting in fear take captive, restrain and detain the said affiant in said County of Wayne and State of Indiana, with the intent aforesaid, and did then and there unlawfully and feloniously carry off, kidnap and transport said affiant from said County of Wayne and State of Indiana, to the County of Union, State of Indiana, with the intent aforesaid; and did then and there in said County of Union and State of Indiana, unlawfully, feloniously and forcibly make an assault in and upon said affiant, a woman then and there being, and did then and there in said County of Union and State of Indiana, unlawfully, feloniously and forcibly and against said affiant's will ravish and carnally know her the said affiant." This petition was granted and such an amended affidavit was filed.

The appellant is prosecuting this appeal on an assignment of errors which alleges: (1) That the Wayne Circuit Court had no jurisdiction of the offense of rape in the first degree committed in Union County, of which offense the appellant was convicted; (2) that the Wayne Circuit Court had no jurisdiction of the offense of first degree rape alleged in the amended affidavit, which offense is alleged to have been committed in Union County, and (3) that the Wayne Circuit Court had no jurisdiction of the crime for which the appellant was convicted.

In the Wayne Circuit Court the appellant was represented by counsel. He filed no motion to quash the amended affidavit, but entered a plea of not guilty. He submitted to trial in the Wayne Circuit Court without objection. He, at no time, made an application to have the papers and proceedings certified and transmitted to the Circuit Court of Union County. He filed no motion in arrest of judgment. He did not advise the court of any reason why judgment should not be pronounced and he filed no motion for a new trial.

The evidence is not before us. The record, material to the question which the appellant attempts to raise, includes the prosecutor's petition to file an amended affidavit, the order granting the prosecutor's petition, the amended affidavit, the plea of not guilty, a statement that the trial was had and that the case was taken under advisement, and the finding and judgment of the court.

The appellant insists that this record sufficiently shows reversible error in that the amended affidavit charged the separate and independent offense of rape as having been committed in Union County and said amended affidavit was filed and a trial and conviction had thereon in Wayne County, contrary to Section 13,

Article 1 of the Constitution of the State of Indiana, which provides: "In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury, in the county in which the offense shall have been committed; to be heard by himself and counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor," and also contrary to § 9-201, Burns' 1933, § 2010, Baldwin's 1934, which provides: "Every criminal action shall be tried publicly in the county in which the offense shall have been committed, except as otherwise provided in this act."

The State contends that the amended affidavit describes a continuing offense begun in Wayne County and finally consummated in Union County, and that, therefore, the case was properly tried in Wayne County, under the authority of § 9-207, Burns' 1933, § 2016 Baldwin's, 1934, which provides: "When a public offense has been committed partly in one county and partly in another, or the act or effects constituting or requisite to the consummation of the offense occur in two or more counties, the jurisdiction is in any one of such counties."

Before proceeding to a determination of the question of whether the amended affidavit does allege such a continuing offense as to make a trial thereon in Wayne County legal, we must first determine whether this question can be raised for the first time on an assignment of error in this court, without having been raised in any manner in the trial court.

Prior to 1911, this court held that a defendant could assail the sufficiency of the affidavit and information for the first time in this court upon the ground that such pleadings by the State did not charge a public offense

of which the court had jurisdiction. *Barnett* v. *State* (1894), 141 Ind. 149, 40 N. E. 666; *Naanes* v. *State* (1896), 143 Ind. 299, 42 N. E. 609. The court found the authority for this holding in the statute in the civil code, which provided that objections to a complaint, which were not taken by demurrer or answer, should be deemed to have been waived by the defendant, except only the objection to the jurisdiction of the court over the subject of the action, and except the objection that the complaint did not state facts sufficient to constitute a cause of action, § 343 Revised Statutes 1881, and in the statute concerning criminal procedure which provided that "In all cases where no special provision has been made in this act, the rules of pleading and practice in civil actions shall govern, so far as applicable." § 9-2407, Burns' 1933, § 2395, Baldwin's 1934. In 1911, the former statute was amended to read, "If no such objection is taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court over the subject of the action: . . . ." § 2-1011, Burns' 1933, § 115, Baldwin's 1934. Both the original and the amended statute carried a proviso which reads, "*Provided, however,* That the objection that the action was brought in the wrong county, if not taken by answer or demurrer, shall be deemed to have been waived."

After said § 343, *supra,* was amended in 1911, it was suggested in the case of *Robinson* v. *State* (1912), 177 Ind. 263, 97 N. E. 929, that since there was no longer any authority for assailing a complaint for want of facts for the first time by assignment of error in this court, it would seem to follow that the reason for the rule permitting a like assault on an indictment or information had ceased. In later cases it was held that the right to assail an affidavit or indictment by independent

assignment of error for the first time in this court no longer existed. *Lay* v. *State* (1913), 180 Ind. 1, 102 N. E. 274; *Lowery* v. *State* (1925), 196 Ind. 316, 147 N. E. 151. In the latter case there was an assignment of error that the facts charged in one count of the indictment did not constitute a violation of the law, and that the court had no jurisdiction of the subject of the action. The facts, however, as revealed in the opinion, show that the objection of the defendant therein was actually to the sufficiency of the affidavit and not to the jurisdiction of the court. We find no case decided since said amendment of said statute in 1911 in which there has been an assignment of error presenting for the first time on appeal the proposition that the court did not have jurisdiction because of the venue of the action.

It has been many times stated by this court that a judgment of a trial court which acted without jurisdiction was void; that it was an error which could not be waived; and that the question could be raised for the first time on appeal. Where in making such statements the court was speaking of general jurisdiction over the subject-matter of the action, the statements were correct, because such general jurisdiction is essential to the power of the court to act. The court is given such jurisdiction only by the Constitution or by a valid statute. Such general jurisdiction of the subject-matter "is not dependent on the existence of a good cause of action . . . , the sufficiency of the bill or complaint, the validity of the demand . . ., plaintiff's right to the relief demanded, the regularity of the proceedings, or the correctness of the decision rendered." 21 C. J. S. 45. This type of general jurisdiction is fixed by the framers of the Constitution or by the Legislature and is not a

question between the parties. It is the type of jurisdiction which a party cannot confer on a court even by expressly consenting that the court should exercise jurisdiction. It is our opinion that it is only this type of general jurisdiction, which could not be conferred by the consent of the parties, which said amended statute (§ 2-1011, Burns' 1933, § 115, Baldwin's 1934) provided might be later questioned without an objection thereto having been first taken by demurrer or answer. We believe that it was the intention of the Legislature that all questions which the parties could waive were to be deemed to have been waived if such questions were not presented in an appropriate manner in the trial court; that the Legislature did not intend that a party to an action, hoping for a favorable decision, might submit to trial and have the case proceed to judgment without raising a waivable objection and then, in the event of an unfavorable decision, be permitted to obtain a new trial by raising the question on appeal.

The Wayne Circuit Court was invested by law with the general power to try persons accused of crimes, including the crime of rape. The appellant contends, however, that by Section 13 of Article 1 of the Constitution of Indiana, and by § 9-201, Burns' 1933, § 2010, Baldwin's 1934, the power of said court to try criminal actions was limited to the trial of crimes committed within the boundaries of Wayne County; and that the attempt of that court to exceed such limitation of its power, by trying a defendant charged with having committed a crime in an adjoining county, presents a question of jurisdiction which the defendant could not waive; that the trial of the appellant by the Wayne Circuit Court on the charge of a crime committed in Union County was *coram non judice*.

The constitutional provision relied on by the appellant is found in the Bill of Rights, that portion of our Constitution which guarantees certain rights and privileges to the individual. This same section which guarantees to the individual accused of crime the right to a public trial in the county in which the offense shall have been committed, also provides that the accused shall have the right to a trial by jury, the right to be heard by himself and counsel, the right to demand the nature and the cause of the accusation against him and to have a copy thereof, and the right to meet witnesses face to face. All of these rights guaranteed by this section of the Constitution are solely for the benefit of the accused. Ordinarily, an individual may waive any right provided for his benefit by contract, by statute, or by the Constitution. So, a person prosecuted for a crime may waive the rights guaranteed to him by Section 13, Article 1 of the Constitution of Indiana. *Batchelor* v. *State* (1920), 189 Ind. 69, 125 N. E. 773; *Butler* v. *State* (1884), 97 Ind. 378; *Murphy* v. *State* (1884), 97 Ind. 579.

It will not be contended that a person accused of crime may not waive his right to a trial by jury, his right to be heard by himself and counsel, or his right to meet the witnesses face to face. He waives his right to meet the witnesses face to face by taking their depositions to be read on the trial. *Butler* v. *State, supra.* He may waive his right to trial by jury and agree to trial by the court. *Murphy* v. *State, supra.* He may waive his right to be heard by himself and counsel. He may waive his right to a trial as to his guilt by pleading guilty. Yet all of these rights of the accused are guaranteed in the same words by the same section of the Constitution as is his right to a trial in the county where the offense was committed.

We can perceive no reason why this latter right may not also be waived by the accused.

In 14 Am. Jur. § 233, p. 930, it is said, "Constitutional right to be tried in the county in which an offense is committed is a personal privilege which may be waived." To the same effect see Vol. 1, Bishop's New Criminal Procedure, Second Edition, p. 24. When the accused takes a change of venue from the county he thereby waives his right to be tried in the county where the offense was committed and by his consent confers on the court to which the venue is changed the right to try the case.

In *Bosley* v. *Farquar* (1827), 2 Blackford 61, 63, the record shows that a suit commenced in the Orange Circuit Court was tried in the Washington Circuit Court, but the record failed to show an order for change of venue. In holding that this could not be the basis for an assignment of error in this court it was said, "In reviewing those proceedings, we cannot but perceive that the objection to the jurisdiction of the *Washington* Circuit Court comes too late. If the venue had not been regularly changed, or not changed at all, from *Orange* to *Washington,* this matter should have been rectified in the *Washington* Circuit Court, before any other proceedings were had in the case. As no objection was then made, nor in fact made at any time in that Court, none can avail here."

In *Doty* v. *State* (1843), 6 Blackford 529, it was held that where an indictment was returned in one county and the case tried in a court having general criminal jurisdiction in another county, without any showing in the record of a change of venue, or any objection made to the jurisdiction of the latter court, an assignment of error that the latter court had no right to try the cause was unavailing.

In speaking of the venue of an action or the place of trial, courts often speak of the jurisdiction of the court to try the case. In so using the word "jurisdiction" in connection with the matter of place of trial or venue the courts are speaking of the jurisdiction of the particular case and not of the jurisdiction of the subject-matter. "The word 'venue', unless it is given jurisdictional effect by localizing the action, relates only to the place where or the territory within ' which either party may require the case to be tried, and unless it is a localized action, the question of jurisdiction of subject matter is not involved." 21 C. J. S. p. 33.

In *Commercial Casualty Insurance Co.* v. *Consolidated Stone Co.* (1929), 278 U. S. 177, 180, 73 L. Ed. 252, 254, it was apparent on the face of the petition that jurisdiction was grounded solely on diversity of citizenship and that the suit was brought in a district in which neither party resided. It was there held that a party failing to object until after judgment had waived his right to object, the court saying: "The Ohio practice statute prescribes that all objections thus appearing when so neglected shall be deemed to have been waived, 'except only .that the court has no jurisdiction of the subject-matter of the action and that the petition does not state facts which show a cause of action.' Ohio Gen. Code, Sec. 11311.

"Here the objection was not that the court was without jurisdiction of the subject matter of the suit, but that the suit was not brought in the district of the residence of either party—a waivable matter of venue only.

"Our conclusion is that the objection was not seasonably made and therefore that under our decisions, as also the Ohio statute, it was waived."

In the instant case the appellant was accused of the crime of first degree rape, an offense against the laws of the State of Indiana. The Wayne Circuit Court had general jurisdiction of the subject-matter, the jurisdiction to try such criminal actions. The only question raised by appellant was as to the right of the Wayne Circuit Court to try this particular action when it was alleged that the offense was committed in the adjoining county. Appellant's only question is as to which of two courts of general jurisdiction should try the case. This question does not involve the jurisdiction of the subject-matter, but only the place of the trial, a question of venue. The right to have the case tried in a certain county, as guaranteed by the Constitution and statute, was a right personal to the appellant, which he could waive and which, pursuant to the provisions of § 2-1011, Burns' 1933, § 115, Baldwin's 1934, he is deemed to have waived by not having made an appropriate objection in the trial court.

The proviso on this statute to the effect "that the objection that the action was brought in the wrong county, if not taken by answer or demurrer, shall be deemed to have been waived," expressly provides for waiver of this type of objection and is just as applicable to a criminal action as are the other provisions of the statute.

We, therefore, hold that the assignment of errors attempting to present for the first time on appeal the objection that the case was tried in the wrong county is unavailing and does not present the question for the determination of this court. It is, therefore, unnecessary for us to determine whether the amended affidavit presented such a continuing

offense as to place the venue of said action in both counties.

The judgment is affirmed.

NOTE.—Reported in 37 N. E. (2d) 73.