## PRATT *v.* THE STATE.

Prosecution for an assault and battery, before a justice of the peace of *Elk-
hart* county. The defendant having been convicted and fined, took an ap-
peal to the *Elkhart* Common Pleas. The venue was then changed, upon his
application, to the *La Grange* Common Pleas, where he was convicted, &c.

May Term,
1856.

PRATT
v.
THE STATE.

*Held,* that in the Court of Common Pleas no information was necessary, nor any other affidavit than the one filed before the justice.

*Held,* also, that the *La Grange* Common Pleas had jurisdiction of the cause.

Rebutting testimony, by the usual course of practice, being the last which is offered, the Supreme Court would hesitate to reverse a judgment because the Court before which the cause was tried refused, after the rebutting testimony was closed, to admit further evidence.

*Friday,*
*June 13.*

APPEAL from the *La Grange* Court of Common Pleas.

PERKINS, J.—*Joseph Pratt* was prosecuted before a justice of the peace in *Elkhart* county, for an assault and battery, convicted, and fined 1 dollar. He obtained a new trial, took a change of venue to another justice, was tried and fined 3 dollars. He appealed to the Common Pleas, took a change of venue to the *La Grange* Common Pleas, was tried, convicted, and fined 100 dollars. A new trial was denied. He appealed to this Court; and he here assigns for error specially—

1. That no information was filed against him in the Common Pleas.

2. That no affidavit was there filed against him.

3. The Court refused to hear certain evidence.

4. The Court refused to dismiss the cause for want of jurisdiction.

5. The Court refused to give a certain instruction asked.

As the cause went into the Common Pleas by appeal, no information was necessary, nor was any affidavit, other than that filed before the justice. That went up, in this case, with the appeal papers, and such should be the practice in all cases. The Court had jurisdiction, and rightly refused to dismiss the cause.

The evidence is not upon the record, nor is it stated that evidence was given to which the refused instruction would have been applicable. Hence, we can not say the instruction was wrongly refused.

The refusal to hear evidence is stated in the record as follows:

The state gave her evidence, the defendant his, and the state rebutted.

" The defendant then offered to prove by witnesses who

were present, that the facts attempted to be established in the rebutting testimony were not true, but the Court refused to hear it, on the ground that the rebutting testimony was the last that could be received. The Court stated that the evidence was closed, and adjourned for dinner. On opening after dinner, which was about an hour from adjournment, the Court informed the defendant that he might give his proposed evidence; to which the defendant replied that the witnesses were not in town, but on their way home to *Elkhart* county." He asked no further favor, and the Court proceeded to a conclusion of the cause, and rendered judgment against him. In the usual course of practice, the rebutting evidence is the last, and the Supreme Court would hesitate to reverse a case because the *nisi prius* Court had refused to depart from the rule. *Slade* v. *The State*, 2 Ind. R. 33. The rebutting testimony in this case may have been unimportant. Besides, when the Court proposed to hear the surrebutting, the defendant should have asked time to bring back his witnesses.

*Per Curiam.*—The judgment is affirmed with costs.

*A. Ellison*, for the appellant.