# HUBER *v*. THE STATE.

DISORDERLY HOUSE.—Information charging that A, on the 1st day of *May*, 1864, and on divers other days subsequent and prior thereto, was the owner and keeper of a business house in the town of, &c., wherein he kept for sale and actually sold intoxicating liquors, in quantities to suit purchasers, to-wit: lager beer by the pint, half-pint, glass, &c., and then and there kept said house in a disorderly manner, to the annoyance of the citizens living in the vicinity of said house, specifying the sort of disorder suffered, viz, suffering persons to congregate and remain in and about the same, drinking, swearing, stamping, hallooing and making divers disturbances and tumults.

*Held*, that the information, whether under the 10th section of the act defin-ing misdemeanors, (2 G. & H., 461,) or the 13th section of the temperance law of 1859, (1 G. & H., 617,) was sufficient.

*Held*, also, that the former act, so far as it conflicts with the latter, is re-pealed.

APPEAL from the *Hendricks* Common Pleas.

ELLIOTT, J.—*Huber*, the appellant, was prosecuted and convicted in the *Hendricks* Common Pleas for keeping a nuisance.

The only question urged for the reversal of the judg-ment is as to the sufficiency of the information.

The information charged that said *Huber*, "on the 1st day of *May*, 1864, and on divers other days subsequent and prior to said day, was the owner and keeper of a business house in the town of *Danville*, *Hendricks* county, *Indiana*, wherein he kept for sale, and actually sold, intoxicating liquors in quantities to suit purchasers, to-wit: lager beer by the pint, half-pint, glass, &c.   *   *   *   *   * And that said *Jacob Huber* did then and there keep said house in a disorderly manner, to the annoyance generally of the citizens living in the vicinity of said house." It also specifies the character of the disorder suffered in said house, viz, "suffering divers persons to congregate and re-main in and about the same, drinking, swearing, stamping, hallooing and making divers disturbances and tumults."

The appellant contends that the information is founded on the 10th section of the act defining misdemeanors.  2 G. &. H., 461,   While the Attorney General insists that it is based upon the 13th section of the temperance law of 1859.  1 G. & H., 617.

The information would be good under either statute, but the former, so far as it conflicts with the latter, is repealed. They differ as to the penalty to be inflicted.

The 13th section of the temperance law, *supra*, enacts, that "Every place, house, room, arbor or shed, wherein intoxicating liquors are sold, bartered or given away, or suffered to be drank, if kept in a disorderly manner, shall

be deemed a common nuisance, and the keeper thereof, upon conviction, shall be fined in any sum not less than $50 nor more than $200, to which may be added by the court or jury trying the cause, imprisonment in the county jail for any determined period of time, not exceeding three months." The objection is not well taken, and the judgment must therefore be affirmed,

The judgment is affirmed, with costs.

*M. M. Ray* and *J. W. Gordon*, for appellant.

*D. E. Williamson*, Attorney General for the State.

