## OTT *v.* THE STATE.

RECOGNIZANCE.—*Form of.*—In a criminal proceeding on appeal from a justice of the peace, a bond conditioned that the defendant "shall prosecute his appeal to final judgment, and pay such judgment as may be rendered against him on such appeal," is a good recognizance, although imprisonment may be a part of the punishment provided.

APPEAL from the Marion Criminal Circuit Court.

PETTIT, J.—This suit was commenced before a justice of the peace, and was a prosecution for malicious trespass under section 13, 2 G. & H. 462, which reads thus: "Every person who shall maliciously or mischievously injure, or cause to be injured, any property of another, or any public property, shall be deemed guilty of a malicious trespass, and be fined not exceeding two fold the value of the damage done, to which may be added imprisonment, not exceeding twelve months." Ott was found guilty and fined, and appealed to said criminal court, and gave the following bond or recognizance for his appearance and prosecution of the suit in that court:

"We, John Ott and J. George Stilz, acknowledge ourselves bound to the State of Indiana, in the sum of twenty-five dollars. Witness our hands and seals, this 19th day of January, 1871. Whereas the State of Indiana, within thirty days last past, obtained judgment against John Ott, before H. H. Boggess, Justice, for ten dollars, with costs taxed at four dollars and five cents, and John Ott has appealed therefrom; now, if said John Ott shall prosecute his appeal to final judgment, and pay such judgment as may be rendered against him on such appeal, this bond shall be null and void, else in full force." The bond was signed and sealed by the obligors, and duly approved by the justice. The prosecuting attorney filed in said court the following motion: "The State of Indiana moves the court to dismiss the appeal of the defendant herein, because, first, the defendant has not, within thirty days after the rendition of the judgment herein, en-

tered into a recognizance as by law required upon appeal, and has not filed a bond in legal form; second, there is no record in said cause authorizing the appeal herein." The bond was filed in time, and there can be no objection to the record or transcript from the justice, except the informality of the bond or recognizance.

While the motion to dismiss the appeal was pending, the defendant made and filed the following affidavit:

" The State of Indiana, Marion county, *ss.* In the Marion Criminal Circuit Court, Term of January, A. D. 1871. The State of Indiana *v.* John Ott, Malicious Trespass.

" John Ott, the defendant in the above entitled cause, comes into open court, and, being duly sworn, on his oath says he is now here present, ready and willing to answer the said charge and complaint against him, and to submit to any judgment that may be rendered against him in said cause, upon the trial thereof; that at the time of the trial and judgment against him, the court below required him to file his appeal bond in manner and form as the same was filed and appears in the transcript of the proceedings before the said justice of the peace; and he complied with the order and requirements of said justice in that behalf, and was then and there willing and ready to have entered into a recognizance, if the same had been required of him, to appear in this court to answer said charge and complaint; but no such recognizance was then and there exacted of him. He further says that he is not guilty, as he verily believes, of the offense charged against him, and is now willing and ready to meet said charge, and submit to and suffer any judgment that he may be required to suffer or submit to, upon the trial and hearing of this cause upon the merits.

" And he further says that if said appeal was not properly taken or perfected, and if a recognizance was not exacted or taken of him in said cause, it was due and owing to the mistake and misapprehension of his duty, of said justice of the peace, and not to any failure of duty, or unwillingness to comply therewith, on the part of this defendant, and he is

now here willing to enter into recognizance, or surrender himself to the sheriff of this court to answer said charge."

Over the objection of the appellant, the court sustained the motion, and dismissed the appeal, and this ruling was excepted to, and an appeal to this court was taken; and the sufficiency of the bond as a recognizance is the only question before us. It is true, that it is not in the precise form prescribed by statute in such case, 2 G. & H. 638; but, in view of two other provisions of the code, 2 G. & H., p. 333, sec. 790, and p. 399, sec. 49, which provide that no defect, informality, or omission, shall defeat such instruments, but that the parties shall be bound by them to the full extent that they would if the recognizance was formal and perfect, we hold that the bond was sufficient, and that the court erred in dismissing the appeal. As imprisonment might form part of the punishment had the accused been convicted, the trial could not have taken place without his presence. 2 G. & H. 412, sec. 94. In *Stipes* v. *The State*, 8 Ind. 280, this question was before the court, and it seems to have been taken for granted that if a bond had been on file, the appeal should not have been dismissed, and we feel confident, had this bond been forfeited by the non-appearance of the defendant below, and had suit been brought on it with proper averments, we should have held the bond good as a recognizance.

The judgment of the said criminal court is reversed, and the cause remanded for further proceedings.

*J. W. Gordon, T. M. Browne,* and *R. N. Lamb,* for appellant.

*B. W. Hanna,* Attorney General, for the State.