## WACHSTETTER *v.* THE STATE.

CRIMINAL LAW.—*Appeal from Justice of the Peace.*—*Criminal Circuit Court.* An appeal will lie from a conviction for an assault and battery before a justice of the peace to a criminal circuit court, and such court has jurisdiction to try such cause on appeal.

SAME.—*Practice.*—On an appeal from a conviction for an assault and battery before a justice to a criminal circuit court, the case is properly tried upon the original affidavit, and no indictment is necessary.

PRACTICE.—*Estoppel.*—A party cannot appeal, and have all the benefit to be derived from the appeal, and then be heard to say that because of some informality in his proceedings to obtain an appeal, he did not in fact appeal.

APPEAL from the Marion Criminal Circuit Court.

WORDEN, J.—The appellant was prosecuted before a justice of the peace of Marion county for an assault and battery upon Thomas Johnson, where he was fined in the sum of five dollars and adjudged to pay the costs. He appealed to the Marion Criminal Circuit Court, and entered into a recognizance for his appearance in that court at what was then "the present term" of that court, to answer the charge. In the latter court, he appeared and went to trial of the charge on the original affidavit, which had been filed before the justice, was convicted, and fined in the sum of one hundred dollars, and adjudged to pay the fine and costs. He moved in arrest of judgment, but his motion was overruled, and he excepted.

Two principal points are made, on which it is sought to reverse the judgment, viz.: 1. That an appeal does not lie in such case from a justice to the criminal circuit court, and that the latter court has no jurisdiction to try such case on

appeal.  2. That if the appeal lies, and the court has juris-diction, still an indictment was necessary to have been found, and that the case could not have been tried on the original affidavit.

Upon the passage of the code of 1852, appeals in such cases from justices of the peace could be taken only to the court of common pleas.   2 G. & H. 638, sec. 10.

But, on December 20th, 1865, an act was approved provid-ing for the organization of the Marion Criminal Circuit Court. 3 Ind. Stat. 172.   This act does not seem to provide for the trial of such causes on appeal, nor give the court appellate jurisdiction in such cases.   But on the same day an act was approved amending the original justices' act, by which sec. 10 thereof, above cited, was made to read as follows:

" Any prisoner against whom any punishment is adjudged, may appeal to the court of common pleas of the county at any time within thirty days next after the trial, on entering into a recognizance to appear at the next term of such court, as in other cases ; and such appeal shall stay all proceedings, and in case there be a criminal circuit court in such county, the appeal shall be taken to it within such thirty days on entering into recognizance to appear forthwith in said circuit court as in other cases, and such appeal shall stay all pro-ceedings."   3 Ind. Stat. 320.

This statute clearly authorizes appeals in such cases, from justices to the criminal circuit court; and we think it is as clearly implied that, when such causes are thus appealed, the latter court shall have power to hear and determine them.

The right of appealing causes to a given court necessarily implies the power on the part of the court, to which such appeals are authorized, to hear and determine such causes on appeal.   We are of opinion, therefore, that the appeal from the justice to the criminal circuit court was authorized, and that the latter court had power and jurisdiction to try the cause on appeal.   Such causes may, doubtless, be tried by the court, a jury being waived, or by jury as in other cases. This was tried by a jury.   We are also of opinion that the

cause was properly tried on the original affidavit, and that no indictment was necessary. When such causes were appealed exclusively to the court of common pleas, they were tried in the latter court on the original affidavit, without information. *Pratt* v. *The State*, 7 Ind. 625.

The principle of that case is entirely applicable in this. In the common pleas an information was the foundation of an original prosecution in that court. So, in a criminal circuit court, an indictment is the foundation of an original prosecution in that court. But on appeal to either of such courts from a justice of the peace, in such cases, the affidavit filed before the justice is the foundation of the prosecution. Unless some different provision is made by law, causes are tried on appeal on the original papers.

Some other questions are made in respect to the sufficiency of the recognizance, it being conditioned for the appearance of the appellant at "the (then) present term" of the criminal circuit court, instead of "forthwith," as provided by the statute above quoted. The argument of the appellant on this point, as we understand it, is that the giving of such a recognizance as is required by the statute is a condition precedent to the right of appeal; and that as the appellant never entered into such recognizance, he never really appealed, and, hence, never subjected himself to the jurisdiction of the court to which the supposed appeal was taken. We are of opinion, however, that as the appellant had the full benefit of his appeal in all respects as completely as if his recognizance had been within the literal terms of the statute, he is estopped to say that he did not appeal and thereby subject himself to the jurisdiction of the court below. A party cannot thus occupy two antagonistic positions. He cannot appeal in fact, and have all the benefit to be derived therefrom, and then be heard to say, because of some informality in his proceedings to obtain the appeal, that he never appealed at all, and thereby escape the consequences of his appeal. He cannot be allowed "to blow hot and cold," to affirm at one time and deny at another. The

maxim "*Allegans contraria non est audiendus*" applies. The appellant affirmed by his acts and conduct that he appealed, and had the benefit of his appeal. He cannot now be heard to affirm the contrary. Besides this, the recognizance would most likely have been held abundantly good, although not in the precise terms of the statute. *Ott* v. *The State*, 35 Ind. 365. There is no error in the record.

The judgment below is affirmed, with costs.*

*J. W. Gordon, T. M. Browne, R. N. Lamb,* and *J. N. Kimball,* for appellant.

*J. C. Denny,* Attorney General, and *R. P. Parker,* for the State.

*Petition for a rehearing overruled.