## JOSEPH v. THE STATE.

CRIMINAL LAW.—*Keeping Disorderly House.—Information.*—Where an information for keeping a disorderly house followed more closely the language of section 13 of the temperance act of 1859 than the language of other acts, it was treated as under the temperance law of 1859 rather than other acts; nor was it necessary that the information should allege that the defendant was keeping a licensed house under that act; nor that liquor sold by the defendant created the disturbance, it being sufficient if he suffered the liquor to be sold in his house.

APPEAL from the Hamilton Circuit Court.

DOWNEY, J.—Information against the defendant for keeping a disorderly house.   It is charged in the affidavit and information, that the defendant, on the 15th day of Novem-

ber, 1871, and on divers other days and times between that day and the day of the filing of this information, at, etc., unlawfully kept a certain house, in which intoxicating liquors were sold, bartered, given away, and suffered to be drank ; and then and there permitted and encouraged divers persons to be and remain in and about said house by day and by night, drinking, carousing, swearing, hallooing, quarrelling, yeiling, and uncovering and making exposure of their persons ; and then and there and thereby kept said house in a disorderly manner, contrary to the statute, etc.

A motion by the defendant to quash the information was overruled, and the defendant excepted. Upon a plea of not guilty, there was a trial by jury, a finding against the defendant, fixing his punishment at two hundred dollars fine and thirty days imprisonment. On his motion, a new trial was granted to him, and he then pleaded guilty. The court, "having heard the evidence as to the degree of guilt," assessed the fine of the defendant at two hundred dollars, but did not inflict any imprisonment, and judgment was rendered accordingly

The only question made is as to the sufficiency of the information.

Two objections are stated and urged to the information; 1. That it is not sufficiently specific, in this, that it does not show under what statute the case is prosecuted. 2. If it does sufficiently appear that the defendant is being prosecuted under the 13th section of the temperance act of 1859, then the information is bad, for the reason that it does not allege that the defendant was keeping a licensed establishment under that act, and that the disorderly conduct was caused by the defendant's sale of liquors, or was the result thereof.

It is claimed by counsel for the appellant, that there are three statutes, on any one of which the defendant could have been prosecuted ; sections 8 and 10 of the act defining misdemeanors, 2 G. & H. pp. 460 and 461, and section 13 of the temperance law of 1859, 1 G. & H. 617. We think it

Joseph *v.* The State.

sufficiently clear, if the fact need appear in the information, that it was upon the 13th section of the temperance law. The information pursues more closely the language of that act than that of either of the other sections. The fine which may be imposed under section 8 or 10 of the misdemeanor act cannot exceed one hundred dollars. But the court in this case imposed a fine of two hundred dollars, which is the maximum fine under section 13 of the temperance law.

We do not think there is anything in the second objection made. The 13th section says nothing about a license. But the question is already decided, as we think, by this court, in *Huber* v. *The State*, 25 Ind. 175. It was there held that an information substantially like that in the case under consideration, omitting to charge that the defendant was licensed, would be good under either section 10 of the misdemeanor act, or under section 13 of the temperance law of 1859. The law does not require that the State shall show whose sale of liquors caused the disorderly conduct. It might be difficult to do this, if several persons had sold liquors to the disorderly persons. Indeed, the statute does not require proof that the defendant sold any liquors. If he suffered it to be drank in his house, it is enough, the other necessary facts concurring, to make him guilty under the statute and the information which charges both the selling, etc., and the suffering it to be drank in his house.

The judgment is affirmed, with costs.

*J. W. Evans* and *R. R. Stephenson*, for appellant.

*J. C. Denny*, Attorney General, for the State.