## HOSEA *v.* THE STATE.

AFFIDAVIT.—*Jurat.*—To an affidavit made before a justice of the peace, the
justice appended his jurat in this form : "Subscribed and sworn to," giving
the date, and officially signing his name. *Held*, that this was a sufficient jurat.

SAME.—*Prosecution by.*—*Nuisance.*—In a prosecution by affidavit under the
liquor law of 1859, 1 G. & H. 614, for keeping in a disorderly manner
a house where intoxicating liquors were sold, etc., the affidavit was insufficient
when it failed to specify the acts constituting the disorder.

SAME.—*Practice.*—Such cause was triable in the common pleas on the affidavit,
without an information, where the prosecution originated before a justice of
the peace.

From the Henry Common Pleas.

*J. W. Worl, J. Brown, J. M. Brown,* and *F. W. Fitzhugh,*
for appellant.

*J. C. Denny,* Attorney General, for the State.

BUSKIRK, J.—This was a prosecution under the thirteenth section of the temperance law of March 5th, 1859, 1 G. & H. 614. The prosecution originated before a justice of the peace. The appellant was adjudged guilty by the justice, and recognized to appear and answer such charge in the Henry Common Pleas.

In the common pleas, the appellant moved to quash the affidavit, but the motion was overruled, and an exception taken. The cause was then submitted to a jury for trial on the affidavit filed before the justice of the peace, and resulted in a verdict against the appellant. A motion for a new trial was overruled, but as the evidence is not in the record, such motion need not be further noticed. The appellant then moved in arrest for the following reasons:

1. Because the justice of the peace possessed no jurisdiction of the case.

2. Because no information was filed in the common pleas court.

The motion was overruled, and the appellant excepted. The errors relied on are the refusal of the court to quash the affidavit, and for overruling the motion in arrest of judgment. The affidavit was as follows:

"State of Indiana, Henry county, ss.:

"Personally came before me, A. S. Burr, justice of the peace in said county, Mary J. Powell, who, being sworn, says on her oath that Thomas Hosea, on the 10th day of August, 1872, at said county of Henry, and State of Indiana, then and there unlawfully kept a certain house, in which intoxicating liquors were sold, bartered and given away, and suffered to be drank, and then and there kept said house in a disorderly manner.                    MARY J. POWELL.

"Subscribed and sworn to this 3d day of September, 1872.
                              "A. S. BURR, J. P."

Two objections are urged to the affidavit. First, there is no jurat to the affidavit. Second, the charge in said affida-

vit is not in manner and form as required by law, and is vague and indefinite in its terms.

The jurat is sufficient.    *Allen* v. *Gillum,* 16 Ind. 234; *Kleber* v. *Block,* 17 Ind. 294.

The affidavit is fatally defective for not specifying the acts constituting the disorder.    *Huber* v. *The State,* 25 Ind. 175; *Joseph* v. *The State,* 42 Ind. 370; *Mains* v. *The State,* 42 Ind. 327.

The motion in arrest of judgment was upon the ground that the common pleas court possessed no jurisdiction, for the reason no information was filed.    The cause was properly tried upon the affidavit filed before the justice.    No information was necessary.    *Wachstetter* v. *The State,* 42 Ind. 166.

For the error of the court in overruling the motion to quash the affidavit, the judgment must be reversed.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to quash the affidavit.