## HOFFMAN v. THE STATE OF INDIANA.

[No. 21,763.   Filed October 3, 1911.]

1. RAPE.— *Indictment.— Blank Dates.—* An indictment for rape charging that defendant did "on the —— day of July, 1908," commit such crime, is sufficient, where the whole month of July was within the statutory period for the beginning of such prosecution. p. 285.

2. INDICTMENT.—*Motion to Quash.—Failure of Record to Show that Indictment Was Endorsed "A True Bill."—*A failure of the order book to show that the indictment on which defendant was convicted was endorsed "a true bill," cannot be questioned on a motion to quash the indictment.   p. 285.

3. CRIMINAL LAW.—*Harmless Error.—Appeal.—*A judgment of conviction, clearly right on the merits, will not be reversed for insubstantial or unprejudicial errors.   p. 285.

From Allen Circuit Court; *Edward O'Rourke*, Judge.

Prosecution by The State of Indiana against Henry Hoffman. From a judgment of conviction, he appeals. *Affirmed.*

*Samuel M. Hench*, for appellant.

*Thomas M. Honan*, Attorney-General, *Thomas H. Branaman, Edward M. White* and *James E. McCullough*, for the State.

MORRIS, J.—This is an appeal from a judgment on a verdict of a jury finding appellant guilty of the crime of rape, as defined in §2250 Burns 1908, Acts 1907 p. 85.

The indictment charges that "on the —— day of July, 1908," appellant did unlawfully and feloniously have carnal knowledge of a female child who was then under sixteen years of age, and who was then of the age of fifteen years.   The indictment was returned on September 23, 1908, and was indorsed as follows:  "State of

Indiana v. Henry Hoffman. Indictment for rape. A true bill. Thomas A. Wilkinson, Foreman.''

A motion to quash the indictment was overruled. It is claimed this action was erroneous, because the day of the month of July, 1908, is not stated. This was unnecessary. Time was not an ingredient of the offense. July, 1908, was within the statutory limitation of five years, prescribed for prosecutions for rape. §§1887, 2046, 2063 Burns 1908, Acts 1905 p. 584, §§20, 175, 192.

It is insisted that the indictment was defective because the order-book entry does not show that it was indorsed ''a true bill'' and signed by the foreman; that it was 2. necessary that the order-book of the court should show that the indictment was returned into court indorsed ''a true bill,'' before the clerk was warranted in copying into the record the indorsement on the indictment.

Objections to defects in order-book entries of the court cannot be raised on a motion to quash the indictment. Such motion can challenge the indictment for such defects only as appear on the face thereof. §2065 Burns 1908, Acts 1905 p. 584, §194; *Ford* v. *State* (1887), 112 Ind. 373, and cases cited. No error was committed in overruling the motion to quash.

Appellant contends that the court erred in admitting in evidence certain testimony, in excluding evidence claimed to have been admissible, in giving to the jury certain 3. instructions of its own motion, and in refusing to give proper instructions tendered by appellant's counsel.

If it should be conceded that the lower court erred in each instance, as contended by appellant, the fact remains that such alleged errors were quite technical, and did not prejudice the substantial rights of the accused; and in such case, it is the duty of this court to disregard them. No act of the trial court, or its failure to act, could in any manner have affected the result. It is not necessary nor desirable to set

out the nauseating details of the evidence. The defendant was a married man, twenty-four years of age. In the faithful discharge of its duty, the jury could not have returned a different verdict. Judgment affirmed.