## WALKER *v.* STATE OF INDIANA.

[No. 23,081. Filed October 13, 1916.]

1. CRIMINAL LAW.—*Appeal.*—*Argument of Counsel.*—*Discretion of Court.*—*Constitutional Right.*—Where, in a criminal prosecution, the prosecuting attorney in his closing argument addressed the jury for a greater period of time than that allotted to counsel by the trial court, but it was not shown by the bill of exceptions that any new fact not disclosed in the opening argument was referred to in closing, the trial court's refusal to grant defendant's counsel additional time to reply was not reversible error, since the control of argument of counsel is largely within the discretion of the court, and the appellate tribunal will interfere only where the record discloses an abuse of that discretion; nor was the action of the trial court a denial of the defendant's right to be heard by

counsel as guaranteed by §13, Art. 1, of the Constitution of Indiana; nor was it a violation of §2136, cl. 4, Burns 1914, Acts 1905 p. 641, providing that, if the prosecuting attorney, in his closing argument, refers to any new point or fact not disclosed in the opening argument, the defendant's counsel shall have the right to reply thereto. p. 242.

2.   CRIMINAL LAW.—*Appeal.*—*Misconduct of Counsel in Argument.*— *Technical Errors Disregarded.*—*Statute.*—While counsel should adhere to the limitation of time for argument suggested by the court and accepted by them, yet the failure of the prosecuting attorney, in the trial of a criminal case, to do so will not warrant the court on appeal in reversing the judgment where such misconduct was in no way injurious to the defendant, since §2221 Burns 1914, Acts 1905 p. 657, provides that the court in the consideration of questions presented on an appeal of a criminal case shall disregard errors which did not prejudice any substantial right of the defendant. p. 243.

From Marion Criminal Court (44,423); *James A. Collins*, Judge.

Prosecution by the State of Indiana against Grattan Walker. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Charles C. Pettijohn* and *Clyde E. Baker, for* appellant.

*Evan B. Stotsenburg*, Attorney-General, *Omer S. Jackson* and *Wilbur T. Gruber*, for the State.

MORRIS, J.—Appellant, on a trial by jury, was convicted of keeping a gaming house. The verdict and judgment fixed a fine of $50, and imprisonment at the state penal farm for thirty days.

It is shown by a bill of exceptions that at the conclusion of the evidence the court suggested that fifteen minutes on each side be allowed for argument, and that the prosecuting attorney and defendant assented; that thereupon the prosecuting attorney addressed the jury for a period of twelve minutes; that defendant's counsel then spoke for fourteen minutes; that the prosecuting attorney proceeded with his closing argument and spoke

for five minutes, when defendant's counsel notified the court that the allotted time was more than exhausted, and objected to further argument by the prosecuting attorney, unless appellant's counsel should be permitted to use a like amount of additional time; that the objection was overruled, the judge saying at the time that, because engaged in the preparation of instructions, he did not know how much time had been consumed in the argument, and the prosecuting attorney was directed to close his argument in five minutes; that the prosecuting attorney proceeded and used a further period of eight minutes; that defendant's counsel then requested the privilege of using as much additional time for argument as had been used by the prosecuting attorney; that the request was refused; that appellant then moved to set aside the submission and discharge the jury, which motion was overruled.

Appellant contends that such action of the court denied to him his right to be heard by counsel as guaranteed by §13, Art. 1, of the Constitution of Indiana, and violated that portion of §2136 Burns 1914, Acts 1905 p. 641, which provides that, if the prosecuting attorney in his closing argument refers to any new point or fact not disclosed in the opening argument, the defendant's counsel shall have the right of reply thereto.

The Attorney-General contends: (1) That the record discloses no error; but (2) if error be conceded that it must be held harmless, when considered in relation to the evidence.

We are of the opinion that there is no reversible error. The jury was not reasonably warranted by the evidence in reaching a conclusion other 1. than that of appellant's guilt, and consequently the only controverted question presented to it related to the punishment, which might

have been fixed at a fine ranging from $10 to $500, and in addition an authorized imprisonment for a period of not less than ten days and not more than six months. §2466 Burns 1914, Acts 1905 p. 716. We are not informed by the bill of exceptions that the prosecuting attorney in his closing argument discussed the subject of the amount of punishment to be inflicted; nor are we informed by the bill that, in closing, the prosecuting attorney referred to any new point or fact not disclosed in his opening argument. The regulation of the argument of counsel is very largely discretionary with the trial court, and an appellate tribunal will not interfere unless the record discloses an abuse of that discretion. *Adams* v. *State* (1912), 179 Ind. 44, 99 N. E. 483; *Baldwin* v. *Burrows* (1884), 95 Ind. 81.

Where the court suggests a limitation of time for argument which is accepted by counsel, the propriety of adherence by it to the adopted plan

2.  is manifest, but we are not warranted in reversing this judgment for an impropriety or error that did not prejudice any substantial right of appellant. §2221 Burns 1914, Acts 1905 p. 657.

Appellant's constitutional right to be heard by counsel was not denied, for he was heard by counsel for a period of fourteen minutes. Judgment affirmed.

NOTE.—Reported in 113 N. E. 753. Limitation of argument of counsel in criminal actions as constituting reversible error, see 2 Ann. Cas. 435; 12 Cyc 919.