## DAVY v. STATE OF INDIANA.

[No. 24,115.   Filed January 4, 1923.]

1. INDICTMENT AND INFORMATION.—*Affidavit.*—*Requisites.*—*Approval of Prosecuting Attorney.* — *Statutes.* — An affidavit charging defendant with the commission of an offense which does not bear the indorsed approval of the prosecuting attorney, as required by §1990 Burns 1914, Acts 1905 p. 584, §119, can have no standing or effect as a pleading, and is subject to a motion to quash.   p. 605.

2. CRIMINAL LAW.—*Affidavit.*—*Inference that Signer is Prosecuting Attorney.*—Even if the Supreme Court will take judicial notice of who is prosecuting attorney in a judicial district, it cannot infer that a name the same as his subscribed to an affidavit charging defendant with the commission of an offense represents the identical person who, as prosecuting attorney, was served with notice of appeal; neither the face of the affidavit, nor the jurat, disclosing that the person signing and swearing to the affidavit was the prosecuting attorney.   p. 605.

From Parke Circuit Court; *Henry Daniels,* Judge.

Prosecution by the State of Indiana against William Davy. From a judgment of conviction, the defendant appeals. *Reversed.*

*Holmes & McCallister,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

TOWNSEND, J.—Appellant was tried by the court and convicted of violating the Prohibition Law. (§8356a *et seq.* Burns' Supp. 1921, Acts 1917 p. 15.) The affidavit on which he was tried did not bear the endorsed approval of the prosecuting attorney as required by §1990 Burns 1914, Acts 1905 p. 584, §119. Appellant moved to quash the affidavit. The overruling of this motion is the sole error claimed.

Appellant cites and relies on *Cole* v. *State* (1907), 169 Ind. 393, 82 N. E. 796, which is squarely in point. In that case the question here presented was fully 1. considered and the various provisions of the Criminal Code on this subject reviewed, and it was there said: "The legislature appears to have made the approval of the affidavit by the State's representative a condition or requirement preceding its filing with the clerk of the court and the recording thereof by the latter officer, and it can have no standing or effect as a pleading or document in the case until authenticated by the approval of the prosecuting attorney, as the law exacts."

The deputy attorney-general asserts that the affidavit here in question was signed and sworn to by the individual who is the prosecuting attorney. Neither 2. the face of the affidavit, nor the jurat, discloses that the one who swore to the affidavit is the prosecuting attorney. It is asserted by the state that this court will take judicial notice of who is prosecuting attorney in a judicial district. If this should be granted, we could not infer that the name subscribed to the affidavit represents the identical person who, as prosecuting attorney, was served with notice of appeal. The deputy attorney-general says that it would be a reproach to the law to reverse this cause and put the state to the expense of retrial. We think not. We prefer to leave the reproach where it belongs, and where *Cole* v.

*State, supra,* puts it.    It was there said: "His (prosecuting attorney's) neglect or failure to discharge a plain and important official duty certainly renders him deserving of unfavorable criticism."

The above section of our Code wisely places the sound discretion of the prosecuting attorney between the public and the machinery of the Criminal Code.    If it did not do so, a reproach to the law might come from prosecutions instituted with no reasonable expectation of conviction, thus putting the state to useless and needless expense.    The above section has also wisely placed this sound discretion of the prosecuting attorney between the malice and spite of the individual and the machinery of prosecution.    It surely would be a reproach to the law if a court of review connived at, and helped out, the carelessness, neglect and failure of the prosecuting attorney to perform a plain statutory duty.    He should not have permitted a situation like we find in this record to come to this court, if he had any knowledge of, or had anything to do with, this case.

The judgment of the trial court is reversed, with instructions to sustain appellant's motion to quash the affidavit.