## PARISH v. STATE OF INDIANA.

[No. 24,353. Filed December 20, 1923.]

1. CRIMINAL LAW.—*Affidavit.*—*Prosecutor's Endorsement.*—Section 8840 Burns 1914, provides that the mayor of a fifth class city is required to perform the duties of a city judge; §1930 Burns 1914, provides that a city judge may obtain jurisdiction of misdemeanors by the filing of a complaint on oath and issuance of a warrant; §1931 Burns 1914, provides for the

Parish *v.* State—194 Ind. 44.

form of the affidavit necessary in such court, but does not require the endorsement of the approval of the prosecuting attorney thereon; §8843 Burns 1914 provides the method of appeal from city courts to the circuit court; §§1989 and 1990 Burns 1914, provide for the prosecution of public offenses by affidavit in the criminal and circuit courts, and that the affidavit shall have the endorsed approval of the prosecuting attorney, *held,* an affidavit filed in the mayor's court without the endorsed approval of the prosecuting attorney is good as against a motion to quash, when the prosecution is transferred by appeal to the circuit court, where the case is tried *de novo.* p. 46.

2. CRIMINAL LAW.— *Affidavit.— Prosecutor's Approval.*— All criminal prosecutions commenced by affidavit in the circuit or criminal court must have the approval of the prosecuting attorney endorsed upon the affidavit. p. 47.

3. CRIMINAL LAW.—*Affidavits.—City Courts.*—The intention being by Acts 1905 p. 684, §§1989, 1990 Burns 1914, to substitute the affidavit as a pleading on the part of the state instead of the information authorized by §§1678, 1679 R. S. 1881, §§1747, 1748 Burns 1901, and no information being required under such law in case of appeals from justices of the peace, the statutory provision with reference to affidavits filed in the circuit or criminal courts does not apply to affidavits for misdemeanors in city courts or before a justice of the peace. p. 48.

From Tipton Circuit Court; *James F. Purvis,* Judge.

Daisy Parish was charged by affidavit with keeping a house of ill-fame.   From a judgment of conviction, she appeals.   *Affirmed.*

*Othniel Hitch* and *George Burkhart,* for appellant.

*U. S. Lesh,* Attorney-General, *Edward M. White,* Assistant Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

MYERS, J.—Appellant was prosecuted by affidavit first filed in the city court of Tipton, Indiana, charging her with keeping a house of ill-fame.  §2357 Burns 1914, Acts 1905 p. 584, §460.   From a judgment of conviction she appealed to the Tipton Circuit Court where she moved to quash the affidavit.   This motion was over-

ruled. In the latter court there was a trial, verdict of guilty, and judgment on the verdict. On appeal to this court, she alleges error of the trial court in overruling her motion to quash.

The affidavit is challenged on the sole ground that the prosecuting attorney failed to endorse thereon, "Approved by me," and to sign the same as prosecuting attorney. No new affidavit was filed in the circuit court. Hence, the question, and the only one for our consideration is—Was the alleged omission fatal as against the motion to quash?

Tipton being a city of the fifth class, her mayor, by law, is required to perform the duties of a city judge. §8840 Burns 1914, Acts 1905 p. 219, §215. It must be conceded that the city court had juris-

1. diction to render the judgment it did, and that appellant had a right of appeal therefrom to the circuit court "in the same manner as provided by law for appeals from justices of the peace." §8843 Burns 1914, Acts 1905 p. 219.

Following these preliminary remarks, we will give attention to §1930 Burns 1914, Acts 1905 p. 584, and for present purposes it may be read as follows: Any city judge, on complaint made on oath before him charging any person with the commission of a misdemeanor, shall issue his warrant for the arrest of such person, and cause him to be brought, forthwith, before him for trial. It then provides for the serving of the warrant, and the taking of a recognizance, etc. It furnishes the method by which a city judge may obtain jurisdiction of the person and subject-matter of offenses known as misdemeanors in this state. The next section (§1931 Burns 1914, Acts 1905 p. 584) provides in a general way the form of affidavit to be used, but neither §§1930 or 1931 Burns 1914, *supra,* suggests the necessity of the approval endorsement of the prosecuting attorney.

The rule is well settled that all criminal prosecutions commenced by affidavit in the circuit or criminal court in this state must have the approval of the prose-
2. cuting attorney endorsed upon such affidavit in order to withstand a motion to quash. *Cole* v. *State* (1907), 169 Ind. 393; *Robinson* v. *State* (1912); 177 Ind. 263; *Davy* v. *State* (1923), 192 Ind. 604, 137 N. E. 553.

Counsel for appellant insist that upon filing the affidavit in the circuit court, even in the manner shown, it was subject to a motion to quash for want of the prosecuting attorney's approval endorsed thereon, as required by §1990 Burns 1914, Acts 1905 p. 584. Moreover, by analogy, it is argued that the same rule of construction and the same strictness of pleading is required in prosecutions originating before a city judge under §1930 Burns 1914, *supra,* as that demanded in actions commenced before a juvenile court under §1648 Burns' Supp. 1921, Acts 1917 p. 341, §2, amending §1, Acts 1907 p. 266, which amended §2, Acts 1905 p. 440. In this connection they cite the case of *Pease* v. *State* (1921), 74 Ind. App. 572, and claim that the reasoning in that case supports their contention. It is true that an accusation must be made in the manner prescribed by law, but we are not advised that this court or the Appellate Court has ever held that an affidavit filed in the juvenile court must have the endorsed approval of the prosecuting attorney, and we express no opinion on the law pertaining to the procedure affecting juvenile courts.

In the Pease case, it appeared that the defendant was prosecuted upon a statement not verified under oath, and because of that omission there was a non-compliance with the requirements of the statute. Therefore, it was held that the juvenile court failed to acquire jurisdiction over the particular subject-matter, although

the defendant appeared and proceeded to trial without objection.   But such is not the case at bar.   Here, the affidavit was verified under oath as the statute requires. True, it did not have the approval endorsement of the prosecuting attorney, but that it is a part of the procedure expressly provided only when it is sought to prosecute "in the circuit or criminal court, by affidavit filed in term."   §1989 Burns 1914, Acts 1905 p. 584, and §1990 Burns 1914, *supra*.   At this point it will be well to note that prior to the revision of the criminal code in 1905, (Acts 1905 p. 584) an information was required to be filed in the circuit or criminal court, but not before a justice of the peace.   §§1678, 1679 R. S. 1881, §§1747, 1748 Burns 1901.   However, by the change, "It was intended that such affidavit should be substituted as a pleading upon the part of the State for the information authorized by the old code, and that it alone should perform all of the functions of an affidavit and information."   *Cole* v. *State*, *supra*.

Then, if the affidavit and the endorsement thereon "Approved by me" and signed by the prosecuting attorney is meant to take the place of the affidavit

3. and information under the old law, and under that law no information was required in case of appeals from justices of the peace, it must follow, in the absence of an amendment, and we know of none, that the statutory provision with reference to affidavits filed in the circuit or criminal court does not apply to affidavits charging a misdemeanor filed with a city judge or justice of the peace.

While the case at bar, on appeal to the circuit court, was there to be tried *de novo*, yet it cannot be said that it was filed in that court pursuant to §1989 Burns 1914, *supra*, and therefore subject to the provisions of §1990 Burns 1914, *supra*.   Hence, we hold that the affidavit being sufficient to charge a public offense within the ju-

risdiction of the city court, it must be regarded as sufficient in a court of general criminal jurisdiction to which it was transferred on appeal. *Lee* v. *State* (1922), 192 Ind. 13, 134 N. E. 866; *Wachstetter* v. *State* (1873), 42 Ind. 166; *Butler* v. *State* (1887), 113 Ind. 5; *Eisenman* v. *State* (1875), 49 Ind. 520; *O'Connor* v. *State* (1873), 45 Ind. 347; *Hosea* v. *State* (1874), 47 Ind. 180.

Judgment affirmed.