## BROGAN v. STATE OF INDIANA.

[No. 25,247.   Filed May 10, 1927.]

1. INDICTMENT AND AFFIDAVIT.—*Affidavit charging two or more violations of same statute at same time by same person not bad for duplicity.*—An indictment or affidavit is not bad for duplicity for joining in one count as one offense two or more violations of the same statute at the same time by the same person as parts of the same transaction. p. 205.

2. INDICTMENT AND AFFIDAVIT.—*Affidavit charging defendant did "then and there" burglarize four cars not bad for duplicity.*—An affidavit charging that the defendant, on a certain day, did "then and there" burglarize four railroad cars was not bad for duplicity, as the words "then and there" imply that the breaking and entering into said cars occurred at the same time and place and was a single transaction. p. 205.

3. BURGLARY.—*Affidavit charging burglary of railroad cars sufficient without stating that they were open or closed.*—An affidavit charging the burglary of four railroad cars which followed the language of the statute in describing the structures broken and entered into was not insufficient for failure to show whether such cars were open or closed cars. p. 206.

4. INDICTMENT AND AFFIDAVIT.—*Affidavit not approved by prosecuting attorney as required by statute is insufficient on motion to quash.*—Under the provisions of §2151 Burns 1926, an affidavit must be approved by the prosecuting attorney and his approval indorsed there-

on by using the words "approved by me" and signed by him, and an affidavit which does not have such indorsement thereon is insufficient on a motion to quash.   p. 206.

From Starke Circuit Court; *William C. Pentecost,* Judge.

Albert Brogan was convicted of burglary in the second degree, and he appeals.   *Reversed.*

*William J. Reed,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Harry L. Gause,* Deputy Attorney-General, for the State.

GEMMILL, C. J.—This is an appeal in a criminal case, in which the only question presented is the sufficiency of the amended affidavit upon which appellant was prosecuted and convicted of burglary in the second degree.   Same, omitting the formal parts, reads as follows:   "The undersigned affiant (E. D. Baker) being first duly sworn upon oath says that on or about the 22nd day of May, 1926, at and in the County and State aforesaid, one Albert Brogan did then and there unlawfully, feloniously and burglariously, in the nighttime break and enter into four railroad cars, the numbers being PFE-11038, SRL-16891, NADX-1984, PFE-20794, of the New York, Chicago and St. Louis Railroad Company, then and there situate, with intent then and there feloniously and burglariously to take, steal and carry away the goods and chattels, in the possession of and consigned for transfer to the New York, Chicago and St. Louis Railroad Company then and there being, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana."   Appellant's motion to quash the amended affidavit was overruled.   The crime charged is defined in §2, ch. 165, acts of 1915, §2447 Burns 1926.

It is claimed by appellant that the amended affidavit alleged four distinct offenses, and, therefore, was bad for duplicity.   An indictment or affidavit is not bad for

duplicity for joining in one count, as one offense, 1, 2. offenses committed at the same time by the same person as parts of the same transaction, and subjecting defendant to the same punishment. *Davis* v. *State* (1885), 100 Ind. 154. In *State* v. *Paul* (1891), 81 Iowa 596, 47 N. W. 773, it was held that an indictment for trespass that charged the accused with cutting down and carrying away growing trees from two separate tracts of land, the property of persons named, was not bad as charging two separate offenses, if the cutting upon both tracts was a single transaction. In *Furnace* v. *State* (1899), 153 Ind. 93, 54 N. E. 441, it was said that an information charging that defendant, at a time and place named, "did then and there unlawfully and feloniously steal, take, and carry away of the personal goods and chattels of Jane Engle, $5 in money, and the personal goods and chattels of Samuel Engle, $4.50 in money," etc., was not bad for duplicity, as it *prima facie* disclosed that the larceny occurred at the same time and place and constituted but a single transaction. In deciding that case, this court stated that the necessary import of the words "then and there," as employed in the information, was that the larceny of the money, part of which belonged to one person and part to another, occurred at the same time and place and constituted but a single transaction. The words "then and there" are used in the amended affidavit under consideration, and must be taken to mean that the breaking and entering into four railroad cars occurred at the same time and place and was a single transaction. In *Knopf* v. *State* (1882), 84 Ind. 316, cited by appellant, the court said: "When several acts relate to the same transaction, and together constitute but one offense, they may be charged in the same count, but not otherwise." The cases relied upon by appellant do not sustain his position when applied to the facts stated in the amended affidavit.

Same was not bad for duplicity.

It is insisted by the appellant that the amended affidavit did not state the offense with sufficient certainty as it did not contain facts to show whether the railroad cars were open or closed cars. The statute under which appellant was convicted provides that whoever in the nighttime or day time breaks and enters into various named structures, one of which is "railroad car," with intent to commit a felony, shall be deemed guilty of the crime of burglary in the second degree. In *Ewing* v. *State* (1921), 190 Ind. 565, 131 N. E. 43, an affidavit which charged appellant with burglarizing a freight car belonging to a named railroad company, was held to allege every fact necessary to show a violation of the act which defines burglary in the second degree. The amended affidavit, in describing the places broken and entered into, followed the language of the statute in charging the offense and was sufficient in that particular.

It is also insisted by the appellant that the amended affidavit was not approved by the prosecuting attorney and because of that defect the motion to quash should have been sustained. The record shows, after the signature of the maker to said affidavit, the following: "Subscribed and sworn to before me this 24th day of June 1926, and approved by me. Minnie C. Baker Deputy Clerk S. C. C." It does not appear that same was approved by the prosecuting attorney. When an affidavit has been made as provided by statute, the prosecuting attorney shall approve the same by indorsement, using the words "approved by me," and sign the same as such prosecuting attorney. §119, ch. 169, acts of 1905 (Acts 1905 p. 611), §2151 Burns 1926. An affidavit must be indorsed "approved by me," and signed by the prosecuting attorney before filing or it may be quashed. *Cole* v. *State* (1907), 169 Ind. 393, 82

N. E. 796; *Robinson* v. *State* (1912), 177 Ind. 263, 97 N. E. 929; *Davy* v. *State* (1923), 192 Ind. 604, 137 N. E. 553; *Parish* v. *State* (1923), 194 Ind. 44, 141 N. E. 786; *Sabo* v. *State* (1926), 197 Ind. 210, 150 N. E. 103. In *Cole* v. *State, supra,* this court said: "The legislature appears to have made the approval of the affidavit by the state's representative a condition or requirement preceding its filing with the clerk of the court and the recording thereof by the latter officer, and it can have no standing or effect as a pleading or document in the case until authenticated by the approval of the prosecuting attorney as the law exacts." The regularity of filing an affidavit is tested by a motion to quash. *Hoover* v. *State* (1887), 110 Ind. 349, 11 N. E. 434. As the amended affidavit was not approved by the prosecuting attorney; it was error for the lower court to overrule the motion to quash same.

Judgment reversed, with instructions to sustain appellant's motion to quash the amended affidavit.

·It is further ordered that the clerk of this court make and certify to the warden of the Indiana State Prison an order for the. return of the appellant to the custody of the sheriff of Starke county.

Martin, J., dissents with opinion.

## DISSENTING OPINION

MARTIN, J.—I concur in the propositions of law stated in the main opinion but do not believe that *Cole* v. *State* (1907), 169 Ind. 393, 82 N. E. 796, as quoted from and the other cases cited to the same point, are applicable here, *first* because the prosecuting attorney's approval of the affidavit affirmatively appears from the record and *second,* because appellant has not been harmed by the alleged error. I therefore respectfully dissent from the judgment of reversal.

The purpose of the statute requiring the prosecuting attorney to indorse the words "approved by me" on an affidavit charging a defendant with the commission of a crime (§2151 Burns 1926) is to prevent unauthorized prosecutions and to secure the sanction of the constituted legal authority. The prosecuting attorney here had notice of and approved this prosecution. The original affidavit after the signature of the affiant concludes:

"Subscribed and sworn to before me this 24th day of May A. D. 1926 and approved by me.

"Ted O. Hays,

"Deputy Prosecuting Attorney."

The amended affidavit which was executed the same day as the original affidavit, which is set out in the opinion of the court, is substantially a copy of the original affidavit, except that two of the four car numbers were corrected. The prosecuting attorney appeared in open court and filed both the original and the amended affidavit, and conducted the trial of the cause.

Section 2225 Burns 1926 (§112, ch. 169, Acts 1905 p. 625) provides:

"No indictment or affidavit shall be deemed invalid, nor shall the same be set aside or quashed nor shall the trial, judgment or other proceeding be stayed, arrested or in any manner affected . . . for any . . . defect or imperfection which does not tend to prejudice the substantial rights of the defendant upon the merits."

Section 2394 Burns 1926 (§334, ch. 169, Acts 1905 p. 657) reads as follows:

"In consideration of the questions which are presented upon an appeal, the court shall not regard technical errors or defects, or exceptions to any decision or action of the trial court which did not, in the opinion of the court to which the appeal is taken, prejudice the substantial rights of the defendant,"

and although the cases cited in the prevailing opinion hold that it is error to overrule a motion to quash the affidavit where the prosecuting attorney has failed to indorse upon it the words "approved by me," yet the record here shows that this appellant has not in any manner been harmed or injured nor have his substantial rights been prejudiced by any technical defect in the affidavit or in any decision or action of the trial court complained of. In such a case, considering the statutes just quoted and the following cases, I believe such error is harmless and should be disregarded. *Lay* v. *State* (1913), 180 Ind. 1, 4, 102 N. E. 274; *Williams* v. *State* (1919), 188 Ind. 283, 288, 123 N. E. 209; *Hay* v. *State* (1912), 178 Ind. 478, 484, 98 N. E. 712; *Clayton* v. *State* (1885), 100 Ind. 201, 204; *Boos* v. *State* (1914), 181 Ind. 562, 570, 105 N. E. 117; *Skaggs* v. *State* (1886), 108 Ind. 53, 58, 8 N. E. 695; *Coopenhaver* v. *State* (1903), 160 Ind. 540, 544, 67 N. E. 453; *Smith* v. *State* (1917), 186 Ind. 252, 262, 115 N. E. 943; *Hoffman* v. *State* (1911), 176 Ind. 284, 285, 95 N. E. 1002; *Reed* v. *State* (1895), 141 Ind. 116, 123, 40 N. E. 525; *Mason* v. *State* (1908), 170 Ind. 195, 203, 83 N. E. 613; *Sanderson* v. *State* (1907), 169 Ind. 301, 315, 82 N. E. 525; *Wood* v. *State* (1883), 92 Ind. 269, 272; *Walker* v. *State* (1916), 185 Ind. 240, 243, 113 N. E. 753; *Galvin* v. *State* (1884), 93 Ind. 550; *Epps* v. *State* (1885), 102 Ind. 539, 556, 1 N. E. 491; *Norton* v. *State* (1886), 106 Ind. 163, 165, 6 N. E. 126, *Shears* v. *State* (1897), 147 Ind. 51, 56, 46 N. E. 33.

A new trial is bound to bring about the same result and the only benefit to be gained by a reversal of this case will be the resultant lesson to prosecuting attorneys that they should more closely observe the requirements of the statute.

The following language used in *Robinson* v. *State* (1912), 177 Ind. 263, 97 N. E. 929, cited in the court's

opinion, is applicable, I believe, to the case at bar: "It would be a reproach to the law to require a judgment to be held for naught, and the state put to the expense of another trial, for a defect which did not prejudice the substantial rights of appellant." In the Robinson case it was pointed out "that the prosecuting attorney appeared in open court in person, and filed the affidavit," and that if the affidavit in fact "was not indorsed as required, and the trial court's attention had been directed to the defect by a motion to quash, before the beginning of the trial it could then have been properly indorsed." The motion to quash filed in the case at bar was based on two of the statutory grounds for such motion and read as follows: "The defendant in the above entitled cause moves to quash the amended affidavit herein for the following reasons: (1) That the affidavit does not state the facts with sufficient certainty; (2) that the facts alleged in the affidavit do not constitute a public offense." Nothing appears in this record which shows whether or not the lack of the prosecutor's indorsement of approval was brought to the attention of the trial court nor that the question was not first raised on appeal.